UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

04 10610 RWZ

ANTHONY F.,
BY AND THROUGH HIS NEXT FRIENDS,
EDWARD F., AND LISA F.,
PLAINTIFFS

MAGISTRATE JUDGE Alexander

COMPLAINT
RECEIPT # 54885
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. T.O.M
DATE 3/29/04

v.

SCHOOL COMMITTEE OF THE CITY OF MEDFORD,
DEFENDANT

## PARTIES

1. The plaintiff, Anthony F., resides with his parents at 88 Dudley Street, Medford, Massachusetts.

2. Edward F., and Lisa F., (hereinafter "the Parents"), reside at 88 Dudley Street, Medford, Massachusetts.

3. The defendant, the School Committee of the City of Medford (hereinafter "School Committee"), consists of seven members who oversee the actions of the employees of the City of Medford School District.

4. Mayor Michael McGlynn serves as chairman of the School Committee, and for the purposes of the Massachusetts Tort Claims Act, M.G.L. c. 258 §1, et seq., acts as the executive officer.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction properly lies with United States District Court in that the matter involves a civil action under 20 U.S.C. §1415(i)(3).

6. The plaintiff is a resident of the Massachusetts and the defendant is a body politic of a political subdivision of the Commonwealth of Massachusetts, giving this Court personal jurisdiction over both parties.

7. Venue is proper in the Eastern Division of the District of Massachusetts in that the plaintiff is a resident of Massachusetts and the defendant is a subdivision of a Massachusetts municipality.

8. On August 25, 2003, the Parents presented their claim for payment of attorney's fees to Mayor Michael McGlynn, as Chairman of the School Committee, in compliance with the provisions of the Massachusetts Tort Claim Act, M.G.L. c. 258, §4.

## FACTS

9. Anthony has been determined to be a special education student, as defined by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. 1400, *et seq*.

10. The 2000-2001 Individualized Education Plan (hereinafter "IEP") required Medford to provide Anthony with SPED services to improve his reading and speech & language skills.

11. The 2000-2001 IEP expressly stated Anthony would receive both reading and speech & language instruction in an individualized setting.

12. During the 2000-2001 school year, Anthony attended St. Clement's parochial school in Somerville, Massachusetts, but received SPED services at Medford's Robert's Middle School.

13. The IEP the School District proposed for the 2001-2002 school year, Anthony's freshman year at Malden Catholic High School, did not specify when the instruction would occur, nor did it state that Anthony would receive individualized instruction.

14. Further, the School District changed the reading instruction from an individualized setting to a small group setting, without providing any justification for the reduction in services.

15. Mrs. F. rejected the IEP for the 2001-2002 school year on July 1, 2001.

16. As a result of Mrs. F.'s rejection of the 2001-2002 IEP, the dispute resulted in a action before Hearing Officer Sara Berman of the Bureau of Special Education Appeals (the "BSEA"), Case No. 02-1855 (the "first case").

17. In their written closing argument submitted after the close of a three day hearing, Anthony's parents contested three main aspects of the IEP.

18. First, the Parents believed Anthony was entitled to individualized reading services. The School District proposed small group reading instruction.

19. Second, the Parents wanted the SPED services provided at Malden Catholic High School, rather than at Medford public schools.

20. Third, the parents asserted Anthony was entitled to "compensatory services," to make up for the period of time that Anthony did not receive any services.

21. In July 2002, Medford drafted the IEP for the 2002-2003 school year, in which Medford again proposed small group reading services, with sessions scheduled at Medford High School.

22. On August 13, 2002, Mrs. F. rejected the IEP for the 2002-2003 school year.

23. On September 23, 2002, Mrs. F. filed a Request for Hearing with the BSEA, resulting in a second BSEA case. (BSEA Case No. 03-1017.)

24. On or around October 2, 2002, the School District agreed to an arrangement whereby the Parents pay Dr. Joseph Aurelia to provide speech & language SPED services at Malden Catholic High School, with subsequent reimbursement to the Parents from the School District.

25. On November 15, 2002, Hearing Officer Sara Berman issued her Decision in the first case, ordering the School District to provide compensatory services reading services.

26. In December, 2002, the School District and Anthony's parents agreed a reading instructor employed by the neighboring city of Malden would provide Anthony with SPED reading services, at any location agreeable to the Parents.

27. Similar to the arrangement with Dr. Aurelia, the Parents pay for the SPED reading services, with subsequent reimbursement from the School District.

28. Medford subsequently agreed to provide 30 sessions of compensatory reading services.

29. On July 24, 2003, the Parents filed a Request for Dismissal of the second BSEA case, having obtained all of the relief they sought in the action.

## COUNT I

30. The plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 29 above, as if set forth fully herein.

31. Anthony now receives SPED speech & language services, with the services provided by private instructors at his parochial school.

32. Anthony now receives SPED reading services provided by private instructors at his parochial school.

33. The School District agreed Anthony is entitled to 30 sessions of compensatory reading services.

34. This Court may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party. 20 U.S.C. 1415(i)(3)(B).

35. The Parents prevailed on all three significant claims as a result the two BSEA cases.

36. Through the course of representation, the Parents' attorneys billed the Parents for approximately 230 hours, representing legal fees in excess of $28,000.00 at the firm's usual and customary hourly rate.

WHEREFORE, the Anthony F., by and through Edward F. and Lisa F. as next friends of the plaintiff, demands an award of the reasonable cost of attorneys fees incurred in this action, as well as any other relief the Court deems appropriate and just.

## CLAIM FOR TRIAL BY JURY

The plaintiff claims a trial by jury on all issues so triable.

Respectfully Submitted,
Anthony F.,
By and through His Next Friend, Lisa F. and Edward F.,
By their Attorneys

John J. Geary
B.B.O. No. 553879
Geary & Associates
161 Summer Street
Kingston, MA 02364

Dated: March 26, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

   <u>Anthony F., by and through his next friends, Anthony F. and Lisa F. v. School Committee of the City of Medford</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   <u>Not Applicable.</u>

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    <u>John J. Geary,</u>
ADDRESS            <u>Geary & Associates, 161 Summer Street, Kingston, MA 02364</u>
TELEPHONE NO.      <u>781-585-0008</u>

(Coversheetlocal[1].wpd - 10/17/02)

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anthony F., by and through next friends, Edward F. and Lisa F.

### DEFENDANTS
School Committee of the City of Medford

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John J. Geary,
Geary & Associates
161 Summer Street, Kingston, MA 02364

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

The plaintiffs seek to recover attorneys fees pursuant to 20 USC 1415(i)(3).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/25/04
SIGNATURE OF ATTORNEY OF RECORD: John J. Geary

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____