UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10610-RWZ

)
Anthony F., by and through his next )
friends, Edward F. and Lisa F., )
    Plaintiffs, )
)
v. )
)
School Committee of the City of Medford, )
    Defendant. )
)

## ANSWER and AFFIRMATIVE DEFENSES OF THE SCHOOL COMMITTEE OF THE CITY OF MEDFORD

The School Committee of the City of Medford (hereinafter "Medford") submits the following answer to the complaint (hereinafter the "Complaint") filed by the plaintiffs, Anthony F., by and through his next friends, Edward F. and Lisa F. (hereinafter the "Parents").

### Parties

1. Medford lacks knowledge, information and belief to form an opinion as to the truth of the allegations contained in Paragraph 1 of the Complaint; as a result, those allegations are denied.

2. Medford lacks knowledge, information and belief to form an opinion as to the truth of the allegations contained in Paragraph 2 of the Complaint; as a result, those allegations are denied.

3. Medford admits the allegations contained in Paragraph 3 of the Complaint, with the exception that the School Committee is comprised of six, not seven, members.

4. Medford admits Mayor Michael McGlynn serves as the chairman of the School Committee. Medford denies the remaining allegations contained in Paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. Medford admits that this Court has jurisdiction over matters arising from the Individuals with Disabilities in Education Act ("IDEA"), a portion of which is codified at 20 U.S.C. § 1415(I)(3).

6. Medford lacks knowledge, information and belief to form an opinion as to the truth of the allegations relative to the plaintiffs' residence contained in Paragraph 1 of the Complaint; as a result, those allegations are denied. Medford admits that it is a body politic.. Medford admits that this Court has jurisdiction over the parties and the subject matter of this litigation.

7. Medford admits that venue is proper in the Eastern Division of the United States District Court for the District of Massachusetts.

8. Medford lacks knowledge, information and belief to form an opinion as to the truth of the allegations contained in Paragraph 8 of the Complaint; as a result, those allegations are denied.

## Facts

9. Medford admits the allegations contained in Paragraph 9 of the Complaint.

10. Medford answers that the document speaks for itself; any other allegations are denied.

11. Medford answers that the document speaks for itself; any other allegations are denied.

12. Medford admits the allegations contained in Paragraph 12 of the Complaint.

13. Medford answers that the document speaks for itself; any other allegations contained in Paragraph 13 are denied.

14. Medford admits that it offered Anthony reading instruction in a small group setting; Medford denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Medford admits the allegations contained in Paragraph 15 of the Complaint.

16. Medford admits that the parents' rejection of the IEP resulted in an action before the Bureau of Special Education Appeals (hereinafter "BSEA"), that the case was assigned to Hearing Officer Sara Berman, and that the case was assigned docket number 02-1855 (hereinafter the "First Case").

17. Medford states that the Parents' written closing argument speaks for itself; any other allegations contained in Paragraph 17 are denied.

18. Medford lacks knowledge, information or belief relative to the Parents' beliefs about Anthony's educational programming; as a result, those allegations are denied. Further answering, Medford answers that the written closing argument speaks for itself. Medford admits that it proposed small group reading instruction for Anthony.

19. Medford lacks knowledge, information or belief relative to the Parents' wants about Anthony's educational programming; as a result, those allegations are denied. Further answering, Medford answers that the written closing argument speaks for itself.

20. Medford admits that the Parents asserted a claim for compensatory services. Medford lacks knowledge, information or belief relative to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. Medford admits that it drafted an IEP for the 2002-2003 school year in July 2002. Medford admits that it proposed small group reading instruction for Anthony to be delivered at Medford High School.

22. Medford admits that on or about August 13, 2002, Mrs. F. rejected the IEP for the 2002-2003 school year.

23. Medford admits that on or about September 23, 2002, Mrs. F. Filed a request for hearing with the BSEA. Medford admits that the case was assigned docket number 03-1017 (hereinafter the "Second Case").

24. Medford admits that on or about October 2, 2002, it entered into an arrangement whereby Dr. Joseph Aurelia would provide speech/language therapy services to Anthony at Malden Catholic High School at parental expense, and that Medford would subsequently reimburse the Parents the amount paid to Dr. Aurelia.

25. Medford admits that on or about November 15, 2002, Hearing Officer Sara Berman issued her decision in the First Case. Medford answers that the BSEA decision speaks for itself.

26. Medford admits that in or about December 2002, Medford entered into an agreement with the Parents that a reading instructor employed by the Malden Public Schools would provide reading instruction to Anthony at any mutually agreeable location suggested by the Parents.

27. Medford admits that in its agreement, the reading services to be provided to Anthony would be provided at parental expense, and that Medford would

28.     subsequently reimburse the Parents the amount paid to the reading instructor.

28.     Medford admits that it agreed to provide 30 sessions of compensatory reading instruction.

29.     Medford admits that on or about July 24, 2003, the Parents filed a Request for Dismissal of the Second Case with the BSEA. Medford denies the remaining allegations contained in Paragraph 29 of the Complaint.

## Count I

30.     Medford repeats and incorporates by reference each and every answer contained in Paragraphs 1 through 29 above, as if set forth fully herein.

31.     Medford lacks knowledge, information or belief sufficient to form an opinion as to the truth of the allegations contained in Paragraph 31 of the Complaint; as a result, those allegations are denied.

32.     Medford lacks knowledge, information or belief sufficient to form an opinion as to the truth of the allegations contained in Paragraph 32 of the Complaint; as a result, those allegations are denied.

33.     Medford admits that it offered to provide 30 sessions of compensatory reading instruction to Anthony. (Check with Gail)

34.     Medford admits that this Court has jurisdiction to award reasonable attorneys' fees under IDEA. Medford denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Medford denies the allegations contained in Paragraph 35 of the Complaint.

36.     Medford denies the allegations contained in Paragraph 36 of the Complaint.

## Affirmative Defenses

1.     **First Affirmative Defense:**     Accord and Satisfaction: Medford states that it has offered compensatory reading instruction to Anthony.

2.     **Second Affirmative Defense:**     Estoppel: Medford states that the Plaintiffs are estopped from seeking the relief requested in this Complaint.

3.     **Third Affirmative Defense:**     Laches: Medford states that the Plaintiffs are barred

|     |     |     |
| --- | --- | --- |
| | | by laches from receiving the relief requested in this Complaint. |
| 4. | Fourth Affirmative Defense: | Statute of Limitations: Medford states that the Plaintiffs are barred by the applicable statute of limitations from receiving the relief requested in this Complaint. |
| 5. | Fifth Affirmative Defense: | Waiver: Medford states that the Plaintiffs have waived their claim to the relief sought in this Complaint. |
| 6. | Sixth Affirmative Defense: | Medford states that the Plaintiffs are barred by M.G.L. c. 258, § 10 from asserting the claims set forth in this Complaint, including, *inter alia*, the lack of presentment, discretionary function exception and the Third Party Rule. |
| 7. | Seventh Affirmative Defense: | By application of law, the plaintiffs are not "prevailing parties" under IDEA and their claims must be dismissed. *Buckhannon Board and Care Home, Inc. V. West Virginia Dept. of Health and Human Resources, Inc.*, 532 U.S. 598, 121 S.Ct. 1835 (2001). |

Respectfully submitted,

MEDFORD PUBLIC SCHOOLS,

By its attorney,

_____
Mary L. Gallant (BBO # 554721)
MURPHY, HESSE, TOOMEY & LEHANE
300 Crown Colony Drive, Suite 410
Quincy, MA 02269
(617) 479-5000

Dated: June 3, 2004

Certificate of Service

I, Mary L. Gallant, Esquire, hereby certify that I have served a copy of the foregoing Answer and Affirmative Defenses of the School Committee of the City of Medford by mailing same via first class mail, postage prepaid, to John Geary, Esquire and Daniel Walsh, Esquire, of Geary & Associates, 161 Summer Street, Kingston, MA 02364 on this the third day of June, 2004.

_____
Mary L. Gallant