# GEARY & ASSOCIATES

Attorneys At Law
161 Summer Street
Kingston, MA 02364
Telephone: (781) 585-0008
Facsimile: (781) 585-0332



John J. Geary*
Daniel B. Walsh
Janine M. Simonian

\* Also Admitted in Rhode Island and Connecticut

Maureen K. Flaherty (of counsel)

**VIA FACSIMILE and FIRST CLASS MAIL**

August 25, 2004

The Honorable Rya W. Zobel
United States District Court
District of Massachusetts
1 Courthouse Way, Suite 6110
Boston, MA 02210

RE:  Anthony F., vs. School Committee of the City of Medford
     Case Number: 04-CV-10610

Dear Judge Zobel:

You presided over a status conference in the above referenced matter on July 14, 2004. At that time, you asked the parties to submit a status letter regarding settlement discussions. On August 9, 2004, the School Committee provided the plaintiff with a letter detailing its position regarding their denial of settlement authority. The School Committee based this upon its fourth affirmative defense, relying greatly upon *Amann v. Stow*, 991 F.2d 929, 931 (1st Cir. 1993) and *Jane Doe v. Boston Public Schools*, 358 F.3d 20, (1st Cir. 2004).

Essentially, the City makes two arguments. First, the City argues the plaintiffs are not entitled to attorneys' fees for the second Bureau of Special Education Appeals (BSEA) case in that the parties resolved that matter through a settlement agreement. We now agree with that

Honorable Rya W. Zobel
Anthony F., vs. School Committee of the City of Medford
Case Number: 04-CV-10610
August 25, 2004
Page Two

position pursuant to the holding in the *Doe* case. The plaintiff parents maintain they have a viable cause of action for the attorneys' fees in the first BSEA case, however, in that the first case was resolved by a decision by the BSEA.

Second, the School Committee argues an action for attorneys' fees is subject to a 30-day statute of limitations adopted from Massachusetts General Laws Chapter 30A. The School Committee's argument is flawed, however, because the 30-day statute of limitations applies to appeals of adverse decisions and not to independent causes of actions for attorneys' fees.

Further, the parents may assert an alternative cause of action under the Massachusetts Tort Claims Act, Massachusetts General Laws Chapter 258. Under this theory, the parents will present evidence of damages suffered as a result of the defendant's negligence in the preparation of an Individualized Educational Plan (IEP) for Anthony.

Accordingly, the parties have had no success reaching a settlement but may benefit from mediation of this matter.

Very truly yours,

Daniel B. Walsh

DBW/jms
cc:    Attorney Gallant