# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY F., by and through his next friends, EDWARD F. and LISA F., ) ) ) | Civil Action No. 04-10610-RWZ |
| Plaintiffs, ) ) | |
| v. ) ) | |
| SCHOOL COMMITTEE of the CITY of MEDFORD, ) ) ) | |
| Defendant. ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND/FOR SUMMARY JUDGMENT

Plaintiffs Anthony F., by and through his parents, Edward F. and Lisa F., brought this action to recover attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) following two Bureau of Special Education ("BSEA") appeals. They also apparently purport to be entitled to attorneys' fees pursuant to the Massachusetts Tort Claims Act, M.G.L. c.258, §4. Defendant School Committee of the City of Medford is entitled to summary judgment dismissing plaintiffs' claim for attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.*, since plaintiffs are not, and have acknowledged that they are not, prevailing parties entitled to fees applicable to the BSEA appeal which resulted in a private settlement pursuant to Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001), and Doe v. Boston Public Schools, 358 F.3d 20 (1st Cir. 2004), and because their claim to fees incurred in the proceeding in which they prevailed at the BSEA after a hearing is time-barred. To the extent the Complaint purports to

assert a right to fees under the Massachusetts Tort Claims Act, M.G.L. c.258, any such claim must be dismissed since the Complaint fails to state a claim under that Act since a claim for attorneys' fees is not a claim for damages, there is no underlying tort, and even if there were, any claims based upon the provision of special education services would be exempt as a discretionary function.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rules of Civil Procedure, Rule 56(c).

## I. STATEMENT OF UNDISPUTED FACTS

1.    Anthony is a 17-year old special education student who resides in Medford with his parents. Complaint, ¶¶1, 9; Answer, ¶9; Affidavit of Gail Bernstein (hereinafter "Bernstein Aff."), ¶3.

2.    Anthony attended St. Clement's parochial school in Somerville, Massachusetts, during the 2000-2001 school year and Medford provided him with special education services at Medford's Robert's Middle School during that school year.  Complaint, ¶12; Answer, ¶12.

3.    For the 2001-2002 school year, Medford offered Anthony reading instruction in a small group setting.  Complaint, ¶14; Answer, ¶14.

4.    Anthony's mother rejected the IEP for that school year on or about July 1, 2002. Complaint, ¶15; Answer ¶15.

5.    Thereafter, on or about January 8, 2002, Anthony's parents filed a request for an administrative hearing before the BSEA.  Complaint, ¶16; Answer, ¶16; Bersnstein Aff., ¶4.

6.    That case, BSEA Docket Number 02-1855 (the "First Case"), resulted in a hearing officer decision dated November 15, 2002, which ordered Medford to provide Anthony with compensatory reading services. Complaint, ¶25; Answer, ¶25;  Bernstein Aff., ¶4.

7.    In July, 2002, Medford drafted another IEP for Anthony for the 2002-2003 school year. Complaint, ¶21; Answer, ¶21; Bernstein Aff, ¶5. Anthony's parents rejected that IEP on or about August 13, 2002, (Complaint, ¶22; Answer, ¶22; Bernstein Aff., ¶5) and filed a request for a hearing on the 2002-2003 school year IEP with the BSEA on or about September 23, 2002 (the "Second Case"). Complaint, ¶23; Answer, ¶23; Bernstein Aff., ¶5.

8.    Thereafter, the parties engaged in settlement negotiations which culminated in two settlement agreements. Bernstein Aff., ¶5.

9.    In the first agreement, reached on or about October 2, 2002, Medford agreed that Dr. Joseph Aurelia would provide speech/language services to Anthony at Malden Catholic High School at parental expense, and that Medford would reimburse the parents the amount paid to Dr. Aurelia. Complaint, ¶24; Answer, ¶24.

10.    In the second agreement, entered into in or about December, 2002, the parties agreed that a reading instructor employed by the Malden Public Schools would provide Anthony with reading instruction at any mutually agreeable location suggested by the parents. Complaint, ¶26; Answer, ¶26. The agreement also provided that these reading services would be at parental expense and that Medford would reimburse the parents for the amount paid to the reading instructor. Complaint, ¶27; Answer, ¶27.

11.    In addition, Medford also agreed to provide thirty (30) sessions of compensatory reading services. Complaint, ¶28; Answer, ¶28.

12.   Anthony's parents filed a request for dismissal of the Second Case with the BSEA on or about July 24, 2003.  Complaint, ¶29; Answer, ¶29.  None of the terms of the settlement agreements were incorporated into any order of the BSEA.  Bernstein Aff., ¶6.

13.   Defendant requests that the Court take judicial notice that Plaintiffs' counsel's August 25, 2004, letter, filed with the Court on August 27, 2004, agreed that Plaintiffs are not entitled to attorneys' fees incurred in the Second Case pursuant to <u>Jane Doe v. Boston Public Schools</u>, 358 F. 3d 20 (1st Cir. 2004), because the case was resolved by the parties through private settlement.

## ARGUMENT

**I.   PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

### A.   Because the IDEA does not contain a statute of limitations, the Court must apply the most analogous limitations period under state law.

The United States Supreme Court has directed federal courts to apply the most closely analogous statute of limitations under state law when a federal statute fails to provide one. <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151, 158 (1983), "so long as it is not inconsistent with federal law or policy to do so." <u>Providence School Dept. v. Ana C.</u>, 108 F.3d 1, 2 (1st Cir. 1997), *citing* <u>Wilson v. Garcia</u>, 471 U.S. 261, 166-167 (1985).  Since there is no limitations period specified in the IDEA, the Court must apply the most analogous statute of limitations under Massachusetts law to this case.  The most analogous statute of limitations is the one provided in M.G.L. c.30A, §14.

The First Circuit Court of Appeals has applied the thirty-day statute of limitations in M.G.L. c.30A, §14 for appellate review of administrative decisions to judicial review of

administrative decisions pursuant to the IDEA. *See* <u>Providence</u>, *supra*, and <u>Amann v. Town of</u> <u>Stow</u>, 991 F.2d 929, 931 (1st Cir. 1993), where the First Circuit affirmed the lower court's dismissal of the parents' IDEA appeal from a hearing officer's decision brought some eight months after the decision by applying the thirty-day statute of limitations. The District Court has done the same. *See* <u>Gertel v. Sch. Comm. of Brookline Sch. Dist.</u>, 783 F. Supp. 701 (D. Mass. 1992), concluding that the most closely analogous limitations period was M.G.L. c.30A's thirty-day limitations period and dismissing an appeal from a BSEA decision brought by parents of a special needs child almost ten months later as time-barred. Where a claim was for compensatory services as opposed to review of the administrative decision, the First Circuit applied a six-year personal injury statute of limitations as the most analogous statute of limitations. <u>Nieves-Marquez v. Comm. of Puerto Rico, Dept. of Education</u>, 353 F.3d 108 (1st Cir. 2004).

The First Circuit has not, however, had occasion to determine specifically whether the limitations period in M.G.L. c.30A, §14 also applies to claims for attorneys' fees under 20 U.S.C., §1415(i)(3)(B). Although the issue was raised in <u>Pomerleau v. West Springfield Public Schools</u>, 362 F.3d 143 (1st Cir. 2004), the Court of Appeals did not reach the issue because it had other grounds upon which to affirm the District Court's dismissal. One of West Springfield Public Schools' ("West Springfield") arguments in support of their motion to dismiss in Massachusetts District Court C.A. No. 03-1740 was that the plaintiffs' IDEA claim for attorney's fees was most analogous to an appeal of an administrative decision and, therefore, was barred by the 30-day statute of limitations in M.G.L.c.30A, §14. Judge Ponser noted in his decision that "[w]hile the law in this area is not crystal clear, defendant's arguments are colorable, and no

opposition has been filed." He granted West Springfield's motion to dismiss "based on the lack

of opposition and the force of the defendant's arguments."

**B.** <u>**An IDEA claim for attorneys' fees is most analogous to an appeal of an administrative decision because it is contingent upon and ancillary to the underlying proceeding.**</u>

Just as appellate review of an administrative decision is based on the record of the

underlying administrative action, a 20 U.S.C. § 1415(i)(3)(B) attorneys' fees claim is based upon

the record and the decision in the underlying action. 20 U.S.C. § 1415(i)(3)(B) provides that a

"court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents

of a child with a disability who is the prevailing party." Without the underlying administrative

proceeding, there can be no prevailing party and no attorneys' fee claim.

Because of the similarity between a claim for attorneys' fees and an administrative

appeal, the Sixth and Seventh Circuits have held that the state's limitations period for appealing

administrative orders is the appropriate statute of limitations for IDEA attorneys' fees claims.

See <u>King v. Floyd County Bd. of Ed.</u>, 228 F.3d 622 (6th Cir. 2000) *(borrowing 30 day period for*

*appealing administrative orders)* and <u>Powers v. Indiana Dept. of Ed.</u>, 61 F.3d 552 (7th Cir. 1995),

<u>Reed v. Mokena Sch. Dist. No. 159, Will County, Illinois</u>, 41 F.3d 1153 (7th Cir. 1994), and <u>Dell</u>

<u>v. Bd. of Ed.</u>, 32 F.3d 1053 (7th Cir. 1994) *(borrowing the Illinois School Code's 120 day limit*

*for judicial review of an administrative decision).*

The Seventh Circuit has characterized a claim brought to recover attorneys' fees under

the IDEA as ". . . a claim ancillary to the underlying education dispute" <u>(Powers v. Indiana Dept.</u>

<u>of Ed.</u>, 61 F.3d 552, 556 (7th Cir. 1995)), and the Sixth Circuit explained that it is but "another

phase of the administrative proceeding." <u>King v. Floyd County Bd. of Ed.</u>, 228 F.3d 622 (6th

Cir. 2000). The <u>King</u> court reasoned that "where the statute makes the claim part and parcel of the administrative proceeding, ...the statute makes the claim analogous to a cause of action for judicial review of the proceeding to which the claim is appended." 228 F. 3d at 629. Put another way, the statute of limitations applicable to judicial review is the most analogous because as one district court explained, "prevailing in a suit for attorneys' fees in federal court is contingent upon and inextricably bound to prevailing on the underlying administrative action." <u>Reed v. Mokena Sch. Dist. No. 159, Will County, Illinois</u>, 1994 U.S. Dist. LEXIS 5602, 10 (N. D. Ill. 1994).

Unlike the claim in <u>Nieves-Marquez</u> which sought substantive relief for compensatory services, an action brought pursuant to 20 U.S.C. § 1415(i)(3)(B) seeks a discretionary award of attorneys' fees "as part of the costs" which may be awarded to a parent who prevails in the underlying proceeding. Only a parent who has already prevailed on the merits of the underlying educational claim may recover attorneys' fees, and even then, an award is discretionary. To exercise its discretion, the court reviews the underlying record, just as it does on an appeal from an administrative decision. Any new evidence is limited to evidence of the costs and fees incurred. Thus, in both an appeal from an administrative decision and an action to recover fees, the later proceeding is essentially another phase of the original proceeding which could not occur in the absence of a final decision in the first.

By providing that attorneys' fees are awarded as costs, Congress has explicitly eliminated any argument they can be considered an element of damages and has clearly distinguished 20 U.S.C. §1415(i)(3)(B) claims from all substantive legal claims for damages. Costs are distinct from damages, and attorneys' fees awarded as costs, are also distinct from damages. They are

-7-

not part of what is awarded as compensation, but are taxed by the clerk of the court following a judgment. *See* Massachusetts Rules of Civil Procedure, Rule 54; M.G.L. c.261, §1 et seq.

Furthermore, under the so-called American rule, attorneys' fees are born by the respective parties to an action in the absence of a contractual agreement to pay the fees of the other in the event of a dispute, a statute which expressly authorizes them, or some other exception.

Plaintiffs have brought this action to recover attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B). Since the statute authorizing an award of attorneys' fees is clear that fees are awarded as part of a prevailing parent's costs, it follows that there is no legal cause of action to which the claim can be analogized. Thus, while a claim for compensatory services as in <u>Nieves-Marquez</u> can be analogized to a tort claim seeking compensation, there is simply no cause of action to which the claim for attorney's fees can be analogized other than an administrative appeal.

Given the similarities between an IDEA attorneys' fees claim and review of an administrative decision and the fact there is simply no cause of action for attorneys' fees independent of the statute which provides they are awarded as costs, this Court should follow the lead of those courts which have held that appellate review of administrative decisions is the most analogous cause of action to an IDEA claim for attorneys' fees and apply Massachusetts' thirty-day statute of limitations applicable to appeals of administrative decisions, M.G.L. c.30A, §14.

C.     <u>**The 30-day statute of limitations in M.G.L. c.30A, §14 is not inconsistent with IDEA goals and policies.**</u>

Since an action for attorneys' fees under the IDEA is ancillary to and entirely dependent

upon an underlying proceeding on the substantive merits of the educational claim and because Congress explicitly provided that attorneys' fees under the IDEA are awarded "as costs," applying the 30-day statute of limitations is not inconsistent with IDEA policies. The purposes of the IDEA are:

> to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living . . . to ensure that the rights of children with disabilities and parents of such children are protected . . . to assess, and ensure the effectiveness of, efforts to educate children with disabilities.

20 U.S.C. § 1400. Further, "to succeed in safeguarding the student, the IDEA's policies encourage the prompt, rather than protracted, resolution of disputes concerning the disabled student's education." Dell v. Bd. of Ed., 32 F.3d 1053, 1060 (7th Cir. 1994) *(citing* 121 Cong. Rec. 37416, 94th Cong., 1st Sess. (Nov. 19, 1975)).

By applying M.G.L.c.30, §14 to administrative appeals under the IDEA, the First Circuit has already determined that the thirty-day statute of limitations period is not inconsistent with the goals and policies of the IDEA. Amann, 991 F.2d 929; *see also* Gertel, 783 F. Supp. 701. In fact, applying a thirty-day statute of limitations is consistent with the IDEA's goals since it promotes quick and complete resolution of disputes. If a thirty-day window is not inconsistent with the IDEA when the claim presented calls for review of the substantive administrative decision which determines the appropriate educational program for a child, it cannot be inconsistent when the claim presented is for attorneys' fees "as costs" since that claim is equally ancillary to and completely dependent upon the administrative decision in the underlying proceeding.

Applying the thirty-day statute of limitations benefits parents and attorneys by promoting prompt payment.  It benefits defendants by providing them with certainty and finality which avoids the need to budget for an attorneys' fee claim which may or may not be brought a year or two or more down the road.  The school district and the parents have a strong interest in the quick resolution of the matter and in moving away from litigation and back to the collaboration of the Team process.  Dell, 32 F.3d at 1063.  The court has an interest in addressing the fees issue while the matter is still fresh in the minds of the participants.

> [I]n awarding attorneys' fees, the district court must review not only proceedings in its own court but also proceedings in a state administrative environment with which it may not be very familiar.  A return to this quagmire months after adjudication of the merits would result in a needless expenditure of judicial energy.

32 F.3d at 1064.  By the time the administrative proceeding is complete, the amount of the fees has been fixed and the parties should understand the scope and worth of the legal representation.  Accordingly, "long-term deferral of the issue simply serves no salutary purpose." 32 F. 3d 1053, 1064.  In fact, a thirty day statute of limitations for attorneys' fees claims should further the IDEA's goals by encouraging parents to hire attorneys and by encouraging attorneys to take their cases because the short statute of limitations means that attorneys will be paid for their time and expenses sooner.

Since the First Circuit has not yet decided the issue of the appropriate statute of limitations to apply, it has also not decided when the statute of limitations for an IDEA attorneys' fees action begins to run.  Other courts have held that the limitations period begins to run on the date the administrative decision becomes final upon exhaustion of all judicial remedies.  McCartney C. v. Herrin Community Unit Sch. Dist. No. 4, 21 F.3d 173, 175 (7th Cir.

1994); <u>Dell v. Bd. of Ed.</u>, 32 F.3d 1053, 1063 (7th Cir. 1994); <u>Gray v. Metts</u>, 203 F. Supp. 2d 426, 430 (D. Md. 2002); <u>Wagner v. Logansport Community Sch. Corp.</u>, 990 F. Supp. 1099, 1104 (N. D. Ind. 1997). If the attorneys' fee claim does not begin to run until after the administrative decision becomes final, adding the thirty-day period within which an appeal must be filed, means there is at the very least sixty days to file the action to recover fees. That period would be further extended if there is an appeal. Regardless of when the limitations period begins to run, an issue which need not be resolved in this case since plaintiffs' claim is untimely in either event, there is simply no reason a parent's attorneys cannot file the claim within thirty days of either the decision or the date it becomes final.

Consequently, because a thirty-day statute of limitations comports with Congress's intent to give swift and complete resolution to IDEA cases and does not frustrate the statute's goals of protecting the rights of disabled students, it is not inconsistent with the spirit of the IDEA and should be applied to plaintiffs' IDEA attorneys' fees claim in this case.

**D.**   <u>**Plaintiffs' claim for attorneys' fees is time-barred.**</u>

Plaintiffs' claim for attorneys' fees is barred by the limitations period in M.G.L. c.30, §14. They filed this action on March 29, 2004, more than sixteen months after the BSEA's November 15, 2002, decision in the First Case. Undisputed Fact 6. If the limitations period began running thirty days from that date, the time for filing the complaint to recover fees should have been filed on or before December 15, 2002. If the period began running thirty days from the date the decision in the First Case became final, the Complaint would have had to have been filed on or before January 14, 2003, thirty days after the appeal period had run.

Even if plaintiffs were prevailing parties in the Second Case, which they are not,[1] it is clear that the claim for attorneys' fees filed March 29, 2004, is not timely. The Second Case was resolved through two settlement agreements, one on October 2, 2002, and the other in December, 2002. Undisputed Facts 7-11. The plaintiffs filed a request for dismissal of the Second Case with the BSEA on or about July 24, 2003. Undisputed Fact 12. Even using the latest of those dates, the Complaint was not timely since it was filed more than eight months after plaintiffs requested dismissal.

## II.    PLAINTIFFS ARE NOT PREVAILING PARTIES IN THE SECOND ACTION.

To the extent plaintiffs' counsel's August 25, 2004, letter is not considered a waiver or withdrawal of plaintiffs' claims for attorneys' fees incurred in the Second Case, it is clear plaintiffs are not prevailing parties under 20 U.S.C. §1415(i)(3)(B). That section authorizes such awards only to parents who are prevailing parties, and the IDEA provides no basis elsewhere for awarding fees independent of prevailing party status. Because the plaintiffs asked the BSEA to dismiss the Second Case after the parties resolved the case through a private settlement, the terms of which were never incorporated into any order (Undisputed Facts 8-11, 12), they are not entitled to an award of attorney's fees because they are not 'prevailing parties' under the IDEA as that term has been defined by the United States Supreme Court in Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001), and applied by this Circuit in Doe v. Boston Public Schools, 358 F.3d 20 (1ˢᵗ Cir. 2004).

---

[1]Plaintiffs' counsel acknowledged in his August 25, 2004, letter which was filed with the Court on August 27, 2004, that plaintiffs are not entitled to attorneys' fees incurred in the Second Case pursuant to Jane Doe v. Boston Public Schools, 358 F. 3d 20 (1st Cir. 2004), because the case was resolved by the parties through private settlement,

Buckhannon held that "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" is not a 'prevailing party.' 532 U.S. at 600. The Supreme Court rejected the "catalyst theory" which "allows an award even where there is no judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605. "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees," (id. at 604 (citation omitted)), but "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees...unless the terms of the agreement are incorporated into the order of dismissal." Id., n.7

Viewed in the light most favorable to the plaintiffs, the record fails to demonstrate that they established their entitlement to, and were awarded, any relief on the merits which materially altered the legal relationship of the parties. The undisputed facts established through the pleadings and the Affidavit of Gail Bernstein compel the conclusion that plaintiffs are not prevailing parties in the Second Case and have no basis for a claim for attorneys' fees.

**III.  PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES PURSUANT TO 20 U.S.C. §1415(i)(3)(B) DOES NOT FORM THE BASIS OF AN ACTION UNDER M.G.L. C.258.**

Plaintiffs' Complaint asserts one count, a count for an award of attorneys' fees pursuant to the IDEA, 20 U.S.C., §1415(i)(3)(B), based upon (1) a November 15, 2002, hearing officer's decision in their favor on one of the three claims they asserted arising out of the 2001-2002 IEP before the BSEA and (2) a private settlement of their claims arising out of the 2002-2003 IEP. Only two paragraphs in the Complaint mention M.G.L. c.258 at all. Paragraph 4 merely alleges

the Mayor's position as chairman of the School Committee and claims he is "the executive officer" and paragraph 8 alleges only that the Parents presented their claim for attorney's fees to the Mayor. Assuming, without admitting, that the Mayor is the executive officer of the School Committee of the City of Medford and that plaintiffs properly presented their claim, a claim for attorneys' fees under the IDEA is not a claim for

> injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment

as required by M.G.L. c.258, §2, nor can the School Committee, as the public employer, be liable

for any such injury or loss

> caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, *in the same manner and to the same extent as a private individual under like circumstances*

since there is no such cause of action available against a "private individual under like circumstances."

Moreover, M.G.L. c.258 is clear that a claim brought under that chapter is a claim for damages,[2] but "the American Rule [concerning attorneys' fees] presumes that the word 'damages' means damages exclusive of fees" (Summit, 456 U.S. at 722-23) and the IDEA expressly provides for an award of reasonable attorney's fees "[*i]n any action or proceeding*

---

[2] Section 3 is clear that civil actions brought under chapter 258 are "*for damages* cognizable under this chapter." (Emphasis added). Likewise, section 4 also refers to the civil action brought as "a *claim for damages under this chapter.*" (Emphasis added).

*brought under this section...as part of the costs* to the parents of a child with a disability who is

the prevailing party." 20 U.S.C. §1415(i)(3)(B). Since attorneys' fees under the IDEA are

awarded as costs, not as damages, a claim for attorneys' fees under 20 U.S.C. §1415(i)(3)(B).

cannot be the basis for a claim for damages under M.G.L. c.258.

Even if the Complaint's passing references to the M.G.L. c.258 could be read as an

attempt to assert a claim under the Act, the claim must be dismissed since the allegations fail to

allege any underlying tortious conduct. Massachusetts, like the overwhelming majority of states

that have considered it, does not recognize educational malpractice. Doe v. Town of

Framingham, 965 F. Supp. 226, 229-30 (D. Mass. 1997). In Doe, the mother of a disabled

student sued the town of Framingham for educational malpractice under the IDEA, §1983, and

state law, claiming the town "failed to use due care in testing [the student] and placing him in an

appropriate program . . . ." Id. at 230.

Moreover, the IDEA itself compels the conclusion that there is no need for a claim under

M.G.L. c.258 for conduct arising out of the provision of special educational services. "In an area

specifically addressed by such meticulous regulation, there is no need to construct what is likely

to be a redundant and clumsy common law remedy." Id. Congress has provided parents with a

sufficient remedy for such disputes.

Finally, any allegations which could conceivably be interpreted to allege tortious

conduct in the failure to provide certain educational services would also fall within the Act's

discretionary function exception. M.G.L. Chapter 258, § 10(b) specifically provides that the

Act's provisions do not apply to:

> any claim based upon the exercise or performance or the failure to

-15-

exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved in abused . . .

Since the claim for attorneys' fees under the IDEA is not a claim for damages and since plaintiffs have failed to state and cannot state a claim for an underlying tort, they have no viable claim under M.G.L. c.258 and cannot assert a claim for attorneys' fees under it.

## CONCLUSION

The plaintiffs' claim for attorneys' fees under the IDEA is barred by the applicable statute of limitations, plaintiffs are not prevailing parties with respect to the Second Case, and there is no basis for awarding attorneys' fees under M.G.L. c.258. There are no genuine issues of material fact to be determined and Medford is entitled to judgment dismissing Plaintiffs' Complaint as a matter of law.

DATED at Quincy, Massachusetts this 12th day of October, 2004.

SCHOOL COMMITTEE OF THE
CITY OF MEDFORD,
By Its Attorneys,

Doris R. MacKenzie Ehrens, BBO #544252
Mary L. Gallant, BBO # 554721
Murphy, Hesse, Toomey and Lehane, LLP
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
(617) 479-5000

-16-

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served this _14th_ day of October, 2004, by first-class mail, postage prepaid upon counsel for the plaintiffs, John L. Geary, Geary & Associates, 161 Summer Street, Kingston, MA 02364.

Mary L. Gallant