UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10610 RWZ

|  |  |
|---|---|
| ANTHONY F., <br> BY AND THROUGH HIS NEXT FRIENDS, <br> EDWARD F., AND LISA F., <br> PLAINTIFFS <br><br> v. <br><br> SCHOOL COMMITTEE OF THE CITY OF MEDFORD, <br> DEFENDANT | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

### ISSUES PRESENTED

The defendant School Committee of the City of Medford ("Medford") moved for summary judgment on four issues: (1) the plaintiff's claim is time barred by the applicable statute of limitations, (2) the present action is not a separate cause of action as provided for under *20 U.S.C. §1415 (i)(2)*, [1] (3) the plaintiffs were not prevailing parties in the second action, and (4) that plaintiff's claim is not an action under *M.G.L. c. 258 §4*, the Massachusetts Tort Claims Act. Summary judgment is inappropriate for all issues presented by the defendant because, as outlined below, defendant's arguments are not in accordance with statutory or defined case law regarding these issues.

The defendant mistakenly asserts an inapplicable statute of limitations in an effort to deny plaintiff's recovery of attorney's fees to which they are statutorily entitled under the Individuals with Disabilities Education Act ("IDEA"). Medford argues this Court should apply

---

[1] The current *§§1415(i)(2)* and *1415(i)(3)* were formerly codified as *§§1415(e)(2)* and *1415(e)(4)*.

the thirty-day statute of limitations that applies specifically to review of decisions made by a state's administrative educational agency, held under another provision of the IDEA:

> Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

*20 U.S.C. §1415(i)(2).*

This case is based on a claim for attorney's fees, pursuant to an entirely different provision of the IDEA which states:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

*20 U.S.C. §1415(i)(3)(B).*

As discussed more fully below, the thirty-day statute of limitations cited by Medford does not apply to an independent cause of action for attorney's fees as provided for under *20 U.S.C. §1415(i)(3)(B)*. This Court should deny the defendant's Motion for Summary Judgment and rule that the applicable statute of limitations in these matters should be borrowed from *M.G.L. c. 258 §4*.

With the instant case regarding attorney fees being one of first impression for this Circuit, the plaintiff contends the most relevant Massachusetts statute of limitations is that of *M.G.L. c. 258 §4* because its purpose and rationale is most similar to Congressional intent under the IDEA. *M.G.L. c. 258 §4* provides for timely notice to the governing body responsible for the claim. In

addition, it allows that entity a discovery period in which they can investigate the claim prior to incurring any litigation costs.

The defendant has urged this Court to adopt the rationale of the Sixth and Seventh Circuits in holding that the claim for attorney's fees is ancillary to the underlying education dispute and just another phase of the administrative hearing. This argument fails to recognize the difference between the educational needs of a child and the out-of-pocket expense of his parents. Substantive educational issues must be resolved in the most expeditious manner possible. However, in relationship to attorney's fees, those arguments advanced are "not compelling . . . and there is no support for the position of the Sixth and Seventh Circuits that attorney's fees actions are brought under *§1415(i)(2)(A)*." Darren A. Craig, *Actions Founded on Statutory Liability: Adopting a Limitations Period for Attorneys' Fees Actions Brought Under the IDEA*, 79 Ind. L.J. 493, 507 (2004).

Finally, material issues of fact exist regarding the parents' status as prevailing parties. The parents obtained a decision providing them with material relief from the first Bureau of Special Education Appeals (BSEA) case. In the Second Case, the BSEA issued rulings dramatically changing the legal relationship of the parties, establishing the parents as prevailing parties in that case as well. The defendant raised these issues, but applied statutory interpretation and analysis of case law contradictory to the majority view within the District and Circuit Courts.

## STATEMENT OF AGREED UPON FACTS

1.  Anthony has been determined to be a special education student, as defined by the Individuals with Disabilities Education Act (IDEA), *20 U.S.C. 1400, et seq.* Complaint ¶ 9; Answer ¶ 9.

2. Mrs. F. rejected the Individualized Educational Plan ("IEP") for the 2001-2002 school year on July 1, 2001. Complaint ¶ 15; Answer ¶ 15.

3. As a result of Mrs. F.'s rejection of the 2001-2002 IEP, the dispute resulted in an action before Hearing Officer Sara Berman of the Bureau of Special Education Appeals (the "BSEA"), Case No. 02-1855 (the "First Case"). Complaint ¶ 16; Answer ¶ 16.

4. In July 2002, Medford drafted the IEP for the 2002-2003 school year, in which Medford again proposed small group reading services, with sessions scheduled at Medford High School. Complaint ¶ 21; Answer ¶ 21.

5. On August 13, 2002, Mrs. F. rejected the IEP for the 2002-2003 school year. Complaint ¶ 22; Answer ¶ 22.

6. On September 23, 2002, Mrs. F. filed a Request for Hearing with the BSEA, resulting in a second BSEA case. (BSEA Case No. 03-1017.), "the Second Case". Complaint ¶ 23; Answer ¶ 23.

7. On November 15, 2002, Hearing Officer Sara Berman issued her Decision in the First Case. Complaint ¶ 25; Answer ¶ 25.

## OTHER FACTUAL BACKGROUND

1. The November 15, 2002 Decision required Medford to provide Anthony with compensatory reading services. (See Affidavit of Daniel B. Walsh, filed herewith, ¶ 5.) On February 3, 2003, Hearing Officer Rosa Figueroa of the BSEA issued an Order to Show Cause in the Second Case. Walsh Affidavit ¶ 9.

2. The Order gave the Hearing Officer three options: (1) keep the case open; (2) dismiss the case; (3) to take whatever other actions deemed appropriate. Walsh Affidavit ¶¶ 9, 10.

3. On March 1, 2003, the parents filed their response to the Order to Show Cause. Walsh Affidavit ¶ 11.

4. On April 16, 2003, rather than dismissing the Second Case, Hearing Officer Rosa Figueroa ordered Medford to reconvene the TEAM to assure the IEP correctly reflected the services and manner in which the services would be offered to student. Walsh Affidavit ¶ 12.

5. On April 29, 2003, Hearing Officer Rosa Figueroa issued another order indicating that she had scheduled the matter for a hearing on June 18, 2003. Walsh Affidavit ¶ 14.

## CONTESTED FACTS

1. The plaintiff specifically contests defendant's statement identified as Uncontested Fact No. 8. The parties did reach an agreement in the Second Case, but the defendant does not make it clear as to what it considers two separate agreements.

2. The plaintiff specifically contests defendant's statement identified as Uncontested Fact No. 12. The agreement reached by the parties addressed all of the parents' concerns, including a provision for compensatory services which was included in the order for the First Case. Additionally, the agreement was reached only after Medford reconvened a TEAM meeting pursuant to the BSEA order.

3. The plaintiff specifically contests defendant's statement identified as Uncontested Fact No. 13. Not only does Statement No. 13 contain incorrect factual allegations, it asks this court to take judicial notice of a matter entirely inappropriate for judicial notice. The plaintiff asks the Court to strike Statement No. 13 in its entirety and resolve any ambiguities with the relevant arguments outlined in this memorandum

## ARGUMENT

### I.    MEDFORD FAILED TO MEET ITS BURDEN FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that a judge shall grant a party's Motion for Summary Judgment if (1) there is no genuine issue of material fact, and (2) the moving party is entitled to a judgment as a matter of law. *Brunson v. Wall*, 405 Mass. 446, 448 (1989) (citations omitted).  The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and, further, that the summary judgment record entitles the moving party to judgment as a matter of law. *Pederson v. Time, Inc.*, 404 Mass. 14, 16-17 (1989).  A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party's case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. *Flesner v. Tech. Comm. Corp.*, 410 Mass. 805, 809 (1991); *Kourouvacilis v. Gen. Motors Corp.*, 410 Mass. 706, 716 (1991).  The Court must indulge all reasonable inferences favorable to the party opposing the motion. *Rogers v. Iliken Corp.*, 361 F.2d 260, 266 (1962).

In this matter, the defendant moving party has asserted the issue as to whether the plaintiff is in fact a prevailing party in the underlying BSEA cases.  As outlined further in Section IV of this memorandum, the plaintiff did in fact prevail in both cases.  The plaintiff received a decision in the First Case and obtained a "material alteration of the legal relationship between the parties" in the Second Case. The defendant fails to acknowledge the latter standard and excuses the former by claiming a statute of limitations bar.

In attempting to use an administrative statute of limitations, the defendant misapplies the logic behind that statute. The use of a statute designed to ensure speedy adjudication of a child's

educational plan is distinguishable from one designed to determine parental eligibility for

attorney's fees. A statute designed to place a governmental agency on notice of a claim for fees,

as well as allowing a waiting period prior to litigation, strikes a balance between public fairness

and promoting effective government. This is what the Plaintiff proposes by asking the Court to

follow *M.G.L. c. 258 §4.*

There remain many issues of material fact regarding the defendant's claims for summary

judgment. Therefore, the defendant is not entitled to judgment as a matter of law and,

consequently, the defendant's Motion to Dismiss and/or for Motion for Summary Judgment

should be denied for failure to meet its burden pursuant to Rule 56.

## II.   THIS COURT MUST ESTABLISH AN APPROPRIATE STATUTE OF LIMITATIONS FOR CLAIMS FOR ATTORNEY'S FEES UNDER IDEA IN AS MUCH AS NO STANDARD OF LIMITATIONS CURRENTLY EXISTS IN THE FIRST CIRCUIT.

No statute of limitations currently applies to a claim for reimbursement of attorney's fees

under IDEA in the Commonwealth of Massachusetts. As the defendant argues, it is well settled

that appeals of administrative *substantive educational issues* decided in the Commonwealth are

controlled by the Massachusetts Administrative Procedures Act, *M.G.L. c. 30A §14.* The first

case in the First Circuit to consider the issue of a statute of limitations under IDEA addressed an

appeal by parents from the denial by the BSEA of their Motion for Reconsideration of an

educational plan and costs for private schooling. *Gertel v. School Committee of the Brookline

School District,* 783 F.Supp. 701, 702-3 (D.Mass. 1992). In *Gertel,* the Court held:

> The length of court backlogs only highlights the need for prompt
> action by parents concerned that the IEP selected by the state will
> not meet their child's needs. Some courts have objected that the
> need for prompt action does not justify cutting off the right to
> obtain review after 30 days. E.g., *Scokin,* 723 F.2d at 437.
> However, the courts do not function as a legislature to determine
> and set ideal statutes of limitation. Acting pursuant to the more

limited judicial role, I cannot conclude that a 30-day limitation period is inconsistent with the clear federal policy evinced in the IDEA for rapid resolution of *special education placement disputes*. (emphasis added) *Id.* 707.

Later, the First Circuit Court of Appeals decided *Amann v. Stow*, 991 F.2d 929 (1st Cir. 1993) which also involved the parents' appeal of an adverse administrative decision. In *Amann*, the Court upheld a thirty-day statute of limitations for the following reasons:

> The short limitations period of the Massachusetts APA is fully consistent with one goal of the IDEA: the quick disposition of disputes about a handicapped child's educational placement. "Speedy resolutions to the IEP and placement disputes that characterize §1415(e)(2) actions are necessary for such resolutions to serve any substantively useful purposes," *Bow School District v. Quentin W.*, 750 F. Supp. at 550, because "children develop quickly and their needs often change substantially from year to year." *Id.* See also *Burlington II*, 736 F.2d at 798 ("Delay in remedial teaching is . . . likely to be highly injurious to [learning disabled children]. *Id.* at 932.

Although both cases established a thirty-day statute of limitations for appeals of administrative educational decisions under *M.G.L. c. 30A §14*, neither case considered a statute of limitations for recovery of attorney's fees under *20 U.S.C. §1415(i)(3)(B)*. As more fully discussed below, the parents' claim for recovery of attorney's fees constitutes a cause of action separate and distinct from judicial review of the administrative educational decision, requiring this Court to apply an appropriate statute of limitations.

An action for attorney's fees pursuant to *20 U.S.C. 1415(i)(3)(B)* constitutes a cause of action distinct from judicial review of the underlying administrative decision, requiring the selection of an appropriate statute of limitations. When a federal statute fails to provide a statute of limitations, "the Supreme Court has directed federal courts to apply the most closely analogous statute of limitations under state law . . . so long as it is not inconsistent with federal law or policy to do so." *Providence School Department v. Ana C.*, 108 F.3d 1, 2 (1st Cir. 1997)

*citing DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983) and *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Medford asks this Court to adopt an inappropriate statute of limitations. The defendant mistakenly combines compelling educational issues with pecuniary reimbursement and argues that an extremely short statute of limitations would be consistent for both claims under the IDEA.

Medford asks the court to limit its consideration to the thirty-day limit established for state administrative educational appeals. "In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law." *DelCostello*, 462 U.S. at 161. State legislatures do not devise their limitations periods with national interests in mind and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies. *Id.*

Further, nothing prevents different provisions of a federal statute from being characterized differently for statute of limitations purposes. In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Court reviewed a similar question concerning violations of the Civil Rights Act. The Court held after review that a three prong test was required to fully delineate an applicable statute.

> Title *42 U. S. C. § 1988* provides, in relevant part:
>
> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title 'CIVIL RIGHTS,' and of Title 'CRIMES,' for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the

Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . ."

In order to determine the most "most appropriate" or "most analogous" New Mexico statute to apply to the respondent's claim, we must answer three questions. We must first consider whether state law or federal law governs the characterization of a §1983 claim for statute of limitations purposes. If federal law applies, we must next decide whether all §1983 claims should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case. Finally, we must characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle. Although the text of neither §1983 nor §1988 provides a pellucid answer to any of these questions, all three parts of the inquiry are, in final analysis, questions of statutory construction". *Id.* at 268.

In fact, the nature of the actions that could be brought under the IDEA makes a single statute of limitations inappropriate. *Janzen v. Knox County Board of Education*, 790 F.2d 484, 487 (6th Cir. 1986). The court must give consideration to "the facts, the circumstances, the posture of the case and the legal theories presented." *Id.*

Courts considering the IDEA statute of limitations question have published a diversity of opinions reflecting the range of issues involved. "The process by which judges pick a statute of limitations for a federal statute that lacks one is at best uncertain and at worst arbitrary." *McCartney v. Herrin Community Unit School District No. 4*, 21 F.3d 173, 174 (7th Cir. 1994). With reference specifically to the federal rights of disabled schoolchildren, "federal courts have borrowed from no fewer than four types of state statutes, giving parents anywhere from 30 days to six years in which to file their section 1415(e)(2) claims." *Id.* at 175. The *McCartney* Court articulated some of the questions courts face:

Should a state statute of limitations be "borrowed" to do service? If so, which state statute of limitations? Or should a federal statute of

limitations be borrowed? If so, which one? Or should no statute of limitations be applied, as in *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 241-44, 84 L. Ed. 2d 169, 105 S. Ct. 1245 (1985), and *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 53 L. Ed. 2d 402, 97 S. Ct. 2447 (1977), but instead perhaps the doctrine of laches, cf. *id*. at 373; *Martin v. Consultants & Administrators, Inc.*, 966 F.2d 1078, 1100 (7th Cir. 1992) (dissenting opinion)--which allows the plaintiff to wait as long as he wants, provided his delay does not unreasonably hamper the defendant's ability to defend against the suit, or otherwise harm the defendant? *Maksym v. Loesch*, 937 F.2d 1237, 1247-48 (7th Cir. 1991). Or should he be allowed a "reasonable" time within which to sue, period? *Max M. v. New Trier High School Dist. No. 203*, 859 F.2d 1297 (7th Cir. 1988). Or should there be no time limitation at all?

*Id.* at 174-175.

Interestingly, in 1990, perhaps to address some of those questions, Congress enacted legislation that provides for a residual federal statute of limitations applicable to "a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990]." *28 U.S.C.A. §1658(a)(2004)*. Under this provision, Congress authorized a federal *four year* statute of limitations. *28 U.S.C.A. §1658*(a)(2004). This Section is closely analogous to *M.G.L. c. 258 §4* and shows an inclination by Congress to distinguish between the review of administrative proceedings and civil actions such as attorney's fees. *Section 1658(a)* clearly provides evidence that Congress did not intend to subject a civil action for attorney's fees under IDEA to a thirty-day limitation.

The First Circuit has already established that "[n]ot all IDEA claims are necessarily governed by the same statute of limitations." *Nieves-Marquez v. Commonwealth of Puerto Rico*, 353 F.3d 108, 119 (1st Cir. 2003). "When the 'character' of IDEA claims is 'essentially one of review' of an adverse administrative decision, this court has borrowed such statutes of limitations." *Id.* However, the Court distinguished the application of a thirty-day statute of limitations that applies to "those [parties] merely seeking judicial review of an adverse

- 11 -

administrative decision," from a *six-year* statute of limitations for a party seeking compensatory services under the IDEA. *Id.* The Court goes on to note "the Eleventh Circuit has held that an IDEA claim for attorney's fees arising under *20 U.S.C. §1415(e)(4)* has a different limitations period than an IDEA claim seeking review of the agency determination under *§ 1415(e)(2)*." *Id.*, *citing Zipperer by and through Zipperer v. School Board of Seminole City,* 111 F.3d 847,851 (11th Cir. 1997).

The Eleventh Circuit in *Zipperer* recognized the substantive differences between an appeal of the administrative decision from a civil action seeking recovery of attorneys fees:

> We agree that the IDEA provides two distinguishable causes of action under sections 1415(e)(2) and 1415(e)(4)(B). Most significantly, section 1415(e)(2) provides for the appeal of a substantive administrative decision, whereas section 1415(e)(4) provides for an independent claim for attorneys' fees. *Zipperer,* F.3d at 851.

In holding that the four year statute of limitations in Florida was the most analogous to cases brought under *20 U.S.C. §1415(e)(4),* the Court stated:

> Nonetheless, the resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of limitations. A four-year period of limitations, like the award of attorneys' fees to parents who are prevailing parties, represented by attorneys, in securing appropriate public educations for their children. We conclude that the application of a four-year statute of limitations to claims for attorneys' fee under the IDEA is consistent with the policies of the federal statute. *Zipperer,* F.3d at 851-852.

Similarly, Vermont Federal District Court rejected the school board's argument that a claim for attorney's fees should be subject to the same short statute of limitations for appeal of an adverse administrative action. *J.B. v. Essex-Caledonia Supervisory Union,* 943 F. Supp. 387, 390 (D.Vt. 1996). The court refused to apply a short statute of limitations, stating that "the

IDEA makes it clear that actions for attorney's fees and costs and an action for judicial review of an administrative decision are entirely separate," involving "entirely different set of factual and legal issues." *Id.* at 390. Accordingly, the court established a ***six-year*** statute of limitations for a fee suit under IDEA. *Id.* at 391.

Critical distinctions do exist between actions under initiated pursuant to §1415(i)(2) and §1415(i)(3)(B). First, an action under 1415(i)(2) seeking review of an administrative decision "requires a modified de novo review of the administrative record with additional evidence to be introduced by the parties." *J.B. v. Essex-Caledonia Supervisory Union*, 943 F. Supp. 387, 390 (D.Vt. 1996). "No aspect of a §1415(e)(4)(B) action is appellate in nature; rather it can only be classified as a personal action seeking money damages." *Bow School District v. Quentin W.*, 750 F.Supp. 546, 549 (D.N.H. 1990).

In *Bow*, the Court discusses the logic of having a separate statute of limitations for actions for attorney's fees versus administrative educational remedies. *Bow* confirms that the three year statute of limitations for attorney's fees is the most analogous to New Hampshire law while applying a thirty-day statute of limitations for appellate review of IDEA educational decisions.

Second, having a longer statute of limitations will result in judicial economy by avoiding "'a blizzard of protective suits filed before the plaintiff knows whether he has a ghost of a chance of obtaining relief.'" *Dell v. Board of Education*, 32 F.3d 1053, 1063 (7th Cir. 1994) (*quoting McCartney*, 21 F.3d at 176.

In this case, the parents had two appeals before the BSEA pending at the same time. Issues in both cases were the same, with the attorney necessarily addressing both appeals at the same time. Attorney's fees, at that time, were of secondary importance to the parents while the

educational issues of their son was at risk. Only upon final resolution of the cases were they able to consider the out-of-pocket costs associated with the process and felt justified in seeking relief. The parents sent a presentment letter pursuant to *M.G.L. c. 258 §4* to put the town on notice with the expectation of receiving appropriate relief within the presentment period.

Finally, when contrasting the limitation of actions for attorney's fees under the IDEA, "[t]he policy favoring quick decisions regarding the child's placement is simply inapplicable." *B.K. v. Toms River Board of Education*, 998 F. Supp. 462, 469 (D.N.J. 1998). With a suit for recovery of attorney's fees, the student does not face the risk of remaining in an inappropriate educational placement. *Id.*

### III. THE MASSACHUSETTS TORT CLAIMS ACT, M.G.L. C. 258 § 4, PROVIDES THE MOST ANALOGOUS STATUTE OF LIMITATIONS AND IS NOT INCONSISTENT WITH FEDERAL LAW OR POLICY.

A claim for attorney's fees under *Section 1415(i)(3)(B)* constitutes a cause of action distinct from an appeal of an adverse administrative decision. A fee claim mandates the application of its own statute of limitation. *See, Wilson v. Garcia*, 471 U.S. 261 (1985). *M.G.L. c. 258 § 4* would be the most appropriate statute because its purpose and rationale is most analogous to Congressional intent under the IDEA. *M.G.L. c. 258 § 4* provides for timely notice to the governing body responsible for the claim. In addition, it allows the government entity a discovery period in which they can investigate the claim prior to incurring any litigation costs. *M.G.L. c. 258 § 4* "allow[s] plaintiffs with valid causes of action to recover for harm suffered from public entities." *McGrath v. Stanley*, 397 Mass. 775, 778 (1986). This is closely analogous to Congressional intent when it allowed for attorney's fees for prevailing parties under the IDEA. Second, *M.G.L. c. 258 § 4* "preserve[s] the stability and effectiveness of government

by providing a mechanism which will result in payment of only those claims against government entities which are valid." *Id.*

*M.G.L. c. 258 § 4* requires prospective plaintiffs to present their claims by notifying the executive officer of the public employer. "The presentment requirements . . . attempt to strike a balance between public fairness and promoting effective government." *McGrath*, 397 Mass. at 779. Further, the presentment requirements address the concerns raised by Medford regarding lack of notice and inability of the defendant to appropriately budget for a lawsuit for fees. As noted in *McGrath*, the presentment requirements of *M.G.L. c. 258 § 4* provide the following benefits:

> [E]nabling governmental units to investigate promptly the alleged incident to facilitate immediate assessment of liability, because fraudulent and meritless claims are harder to detect when time is allowed to elapse; protecting against the cost of needless litigation by increasing the likelihood of early adjustment of disputes and out-of-court settlements; preventing future accidents and expenses by enabling the governmental unit to make necessary repairs or to improve procedures; and aiding municipalities in determining future taxes and planning budgets. *McGrath*, 397 Mass. at 779.

In this case, less than one month after the date of the agreement in the Second Case, the parents put Medford on notice regarding their intention to recover attorney's fees. Walsh Affidavit, ¶ 16. In accordance with the notice requirements of *M.G.L. c. 258 § 4*, the parents sent a detailed letter to Medford Mayor Michael McGlynn, as the executive officer of the Medford School Department. Walsh Affidavit, ¶ 16. The letter described in detail the parents' legal actions up until that point and it gave the mayor notice of the amount of legal fees incurred. Walsh Affidavit, ¶ 16. There was no response to the presentment letter from the Mayor, his agents, servants or employees. Walsh Affidavit, ¶ 18.

- 15 -

*M.G.L. c. 258 § 4* provides a limitations period that is not inconsistent with the policy of the IDEA. In fact, as previously cited, many districts have used analogous statutes. In its Memorandum supporting its Motion for Summary Judgment, Medford cites the comments in the Congressional Record of 1975 regarding "prompt, rather than protracted resolution of disputes concerning the disable student's education." Defendant's Memorandum, p. 9. Medford fails to mention, however, the IDEA did not even have a provision for the recovery of attorney's fees until some ***eleven years after those comments were made.***

In 1984, the Supreme Court held that parents who were prevailing parties in the appeal of an administrative decision under the law in effect at that time could not recover attorney's fees. *Smith v. Robinson*, 468 U.S. 992 (1984). Two years later, in 1986, Congress reacted to that decision by adding a provision to what is now the IDEA, giving parents the right to recover attorney's fees. Pub. L. No. 99-372, 100 Stat. 796 (1986). *See, King v. Floyd County Board of Education*, 228 F.2d 622, 625 (6th Cir. 2000). At the time of the enactment of the provision enabling prevailing parties to recover attorney's fees, comments made in the Congressional record emphasize the importance of giving parents the ability to recoup their legal fees:

> What we do here today is to make the Education of Handicapped Act consistent with more than 130 other fee shifting statutes which provide for the award of attorneys' fees to parties who prevail in court to obtain what is guaranteed to them by law. Without this remedy, many of our civil rights would be hollow pronouncements available only to those who could afford to sue for enforcement of their rights. 132 Cong. Rec. 16,823 (statement of Sen. Weicker).

Hence, the comments cited by Medford were made at a time when "prompt rather than protracted resolution of disputes" involved only the delivery of educational services, not the issue of attorney's fees. Consequently, using the same statute of limitations for *Sections*

- 16 -

*1415(i)(2)* and *1415(i)(3)(B)* would amount to the "hollow pronouncement" Senator Weicker sought to avoid.

Further, the thirty-day statute of limitations applicable to attorney's fees suggested by Medford would frustrate the Congressional policy that favors the protection of the educational rights of the disabled and allows for fees for prevailing parties. These are two distinct causes of action. *See, Zipperer,* 111 F.3d at 851. In *Zipperer,* the Court held that a ***four year*** statute of limitations period for claims for attorney's fees under the IDEA was consistent with the policies of the federal statute. *Id.* at 852.

> In choosing statutes of limitations, this court has balanced three IDEA policy goals: the parental interest in participation, the school's interest in speedy resolution of disputes, and the child's interest in receiving educational entitlement. Thus, this court has applied a six-year state limitations period for personal injury actions to IDEA claims for compensatory education, which seek to obtain additional education to make up for an earlier deprivation of FAPE, even though it applies a thirty-day statute of limitations to review of IDEA administrative hearings. And the Eleventh Circuit has held that an IDEA claim for attorneys' fees arising under *20 U.S.C. § 1415(e)(4)* has a different limitations period than an IDEA claim seeking review of the agency determination under *§1415(e)(2). Zipperer,* 111 F.3d at 851-52.

Importantly, as mentioned above, Congress has enacted a four-year statute of limitations for all civil actions arising under federal statutes passed after December 1, 1990. *28 U.S.C.A. §1658*(a)(2004). Clearly, the three-year statute of limitations under *M.G.L. c. 258 §4* is much more analogous to Congressional intent for civil actions including attorney's fees than a thirty-day statute of limitations urged upon this Court by Medford.

## IV.  THE PARENTS ARE PREVAILING PARTIES ENTITLED TO RECOVERY OF ATTORNEY'S FEES AS PROVIDED BY *20 U.S.C. §1415(i)(3)(B)*.

The parents, as "prevailing parties," are entitled to recovery of the attorney's fees they incurred in the appeals before the BSEA, pursuant to *20 U.S.C. §1415(i)(3)(B)*. Prevailing party

- 17 -

status is established by a favorable judgment on the merit or change in the legal relationship of the parties. The critical aspect of prevailing party status is determined by "a court-ordered 'change [in] the legal relationship between [the plaintiff] and the defendant.'" *Buckhannon*, 532 U.S. 598 (2001), infra, *quoting Texas State Teachers Association. v. Garland Independent School District*, 489 U.S. 782, 792 (1989). A party prevails when he or she obtains a "material alteration of the legal relationship between the parties." *Id., quoting Texas State Teachers Association.*, 489 U.S. at 782-783. The results the plaintiffs obtained in the BSEA actions resulted in a substantial change in the rights or duties of the parties.

In the First Case, the parents obtained a judgment on the merits after extensive and expensive litigation. As a result, the BSEA ordered Medford to provide compensatory educational services to Anthony, to reconvene the team, and to decide on a proper location. This is a complete and utter vindication of the parents' position and one in which Medford concurred, as noted by their lack of appeal. Therefore, the plaintiff is entitled to recover the full value of legal fees incurred for litigation of the First Case.

Simultaneously, the parties were litigating the second matter. Although the parties ultimately resolved the Second Case through an agreement, the parents are entitled to attorney's fees for the legal representation they received. Specifically, the parents achieved a court-ordered change in the legal relationship of the parties by two orders issued by the BSEA. Medford, faced with two adverse rulings from the BSEA, agreed to the current educational plan

The first of those two orders was issued on April 16, 2003. Walsh Affidavit, ¶ 12. That ruling followed the BSEA's Order to Show Cause, which could have resulted in the dismissal of the Second Case. Walsh Affidavit, ¶ 10. Instead, the Hearing Officer issued an order requiring Medford to reconvene the TEAM to add critical information to Anthony's IEP. Walsh Affidavit,

¶ 12. Without the BSEA's order, Medford would not have put that information in the IEP.
Falanga Affidavit, ¶ 15.

Consequently, no issue exists whether the parents are prevailing parties. Rather, the issue
exists to determine the value of the attorney's fees for which Medford remains responsible under
*20 U.S.C. §1415(i)(3)(B)*.

## CONCLUSION

For the reasons stated above, this court must find the plaintiff was a prevailing party in
both appeals to the Bureau of Special Education Appeals. As a result they would be entitled to
Attorneys fee's under *20 U.S.C. §1415(i)(3)(B)*. The statute of limitations established by the
Massachusetts Tort Claims Act, M.G.L. c. 258 § 4 is the most analogous for claims pursuant to
*20 U.S.C. §1415(i)(3)(B)*. Therefore the Plaintiff's Motion to Dismiss and/or Motion for
Summary Judgment should be denied.

Respectfully Submitted,
Anthony F., By and through
His Next Friend, Lisa F.
and Edward F.,
By their Attorney,

John J. Geary
B.B.O. No. 553879
Geary & Associates
161 Summer Street
Kingston, MA 02364

Dated: November 16, 2004

- 19 -

CERTIFICATE OF SERVICE

I, John J. Geary, attorney for the plaintiff, Anthony F., by and through his next friends, Edward F., and Lisa F., hereby certify that on this date, November _16_, 2004, I delivered via first class mail a copy of the within MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT, AFFIDAVIT OF ATTORNEY DANIEL B. WALSH IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, and AFFIDAVIT OF LISA FALANGA IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT to the following:

Attorney Mary L. Gallant
Murphy, Hesse, Toomey & Lehane
300 Crown Colony Drive
Quincy, MA 02269

John J. Geary