UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10610 RWZ

ANTHONY F., )
BY AND THROUGH HIS NEXT FRIENDS, )
EDWARD F., AND LISA F., )
    PLAINTIFFS )
)
)
v. )
)
SCHOOL COMMITTEE OF THE CITY OF MEDFORD, )
    DEFENDANT )

## AFFIDAVIT OF ATTORNEY DANIEL B. WALSH IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

I, Daniel B. Walsh, under oath do depose and state as follows:

1. I am an attorney duly licensed to practice in the Commonwealth of Massachusetts. I am an associate at Geary & Associates, 161 Summer Street Kingston, Massachusetts.

2. I represented the parents in two appeals before the Bureau of Special Education Appeals (BSEA), case numbers 02-1855 (the "First Case) and 03-1017 (the "Second Case").

3. The First Case resulted in a decision issued by hearing Officer Sara Burman on November 15, 2002. (A true and accurate copy of the order is attached hereto as Exhibit A.)

4. In her decision, the hearing officer found that Medford failed to give the parents advanced notice of the change in the student's plan in violation of the notice provisions of the Individuals With Disabilities Education Act (IDEA) and M.G.L c. 71B. (Exhibit A, p. 19)

5. Additionally, the hearing officer ordered Medford to provide compensatory reading services to make up for the reading services the school department had not provided to Anthony. (Exhibit A, pp. 21-22)

6. Further, the hearing officer also ordered the school department to reconvene the TEAM to meet again to determine the best location for the delivery of special education services in light of the fact that Anthony attended Malden Catholic High School. (Exhibit A, pp. 22-23)

7. While the First Case was pending, the parents were forced to file the Second Case to address essentially the same issues that were at the time unresolved.

8. Specifically, the parents sought individualized reading and speech & language services at Malden Catholic High School, and compensatory services for the special education services Anthony should have received.

9. On February 3, 2003, Hearing Officer Rosa Figueroa issued an Order to Show Cause in the Second Case. (A true and accurate copy of the Order to Show Cause is attached hereto, as Exhibit B.)

10. After issuing an Order to Show Cause, a hearing officer has three options: (1) keep the case open; (2) dismiss the case; (3) to take whatever other actions deemed appropriate. (see Exhibit B.)

11. On behalf of the parents, I filed a response to the Order to Show Cause on March 1, 2003, describing the issues and explaining why the parents were entitled to go forward with the Second Case.

12. Hearing Officer Figueroa issued a ruling on April 16, 2003 directing the school department to convene the TEAM to assure Anthony's Individual Education Plan (IEP) correctly reflects services in the manner in which the services would be offered to the student. (A true and accurate copy of this Ruling is attached hereto as Exhibit C.)

13. This Ruling addressed a major concern of the parents, in that the IEP did not specify where or when Medford would deliver Anthony's special education services.

14. On April 29, 2003, Hearing Officer Figueroa issued another order in response to written objections submitted by Medford. The April 29th Order indicated that Hearing Officer Figueroa had scheduled the Second Case for a hearing. (A true and accurate copy of this Order is attached hereto as Exhibit D.)

15. On or around July 24, 2003, the parents filed a request for dismissal of the case following the negotiation of an agreement with the school department.

16. Less than one month later, on August 21, 2003, on behalf of the parents, I sent a presentment letter to Medford Mayor Michael McGlynn pursuant to the provisions of the Massachusetts Tort Claims Act, Mass. Gen. Laws c. 258, §4, *et. seq.* (A true and accurate copy of this letter is attached hereto as Exhibit E.)

17. The letter put the Mayor on notice that the parents intended to pursue a claim for Attorney's Fees pursuant to 20 U.S.C. 1415(i)(4)(B).

18. There was no response to the presentment letter from the Mayor, his servants, agents or employees.

19. Following the six-month waiting period established by M.G.L. c. 258, §4, the parents filed the instant action on March 29, 2004.

20. On or around August 25, 2004, I mailed a letter to the Honorable Rya W. Zobel giving her a general status of the case as of that date.

21. In that letter, I addressed the fact that the school committee had raised certain issues regarding the status of a prevailing party pursuant to a recent First Circuit case.

22. In that letter, I acknowledged the applicability of that case, but in no way was the status letter intended to waive any aspect of the cause of action initiated by the parents. Such an informal status letter to the court cannot, and should not, be construed as legally binding admissions.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS THE 15th DAY OF NOVEMBER, 2004.

_____
Daniel B. Walsh