COMMONWEALTH OF MASSACHUSETTS
SPECIAL EDUCATION APPEALS

In Re:  Anthony F. v.                                         BSEA # 03-1017
Medford Public Schools District

ORDER

On April 29, 2003 the BSEA received a letter from the Medford Public Schools District (hereinafter, "Medford") responding to a Ruling issued by me on April 16, 2003. By then, I had issued an Order on April 22, 2003 scheduling the above-referenced matter for Hearing in June 2003. In response to Medford's letter I am addressing the major points: the decision to set the matter for hearing, the Parents' response to the show cause, Medford's non-response and the issues to be covered at hearing.

At the request of the Parents (the moving Party) on March 4, 2003, in response to the Show Cause, the above-referenced matter was not dismissed/closed. A matter pending before the BSEA cannot be left open without any specific action scheduled. Since this matter was originally requested on September 24, 2002, on very narrow issues, and since the parties have had ample time (7 months) to resolve all issues and have not done so, both sides will be given an opportunity to present their positions at the Hearing scheduled for June 18, 2003.

While Medford's counsel is correct in that the moving Party carries the burden to respond to a show cause, nothing in either Rule 15 or 16 of the Hearing Rules for Special Education Appeals bars the non-moving party from responding or bringing forth any responses timely. The Parents' 6 page response to the Order to Show Cause requesting that the matter remain open, raising specific allegations against Medford and seeking specific action from the BSEA was received on March 4, 2003. By April 16th, the date of my first Ruling directing the Student's Team to meet "to assure that the IEP correctly reflects the services and manner in which these services will be offered to the Student," Medford had not filed anything with the BSEA challenging any part of the Student's allegations raised on March 4th. Medford had six weeks to respond or file any motion it wished with the BSEA and chose to do nothing. In fact, it was not until after I issued an Order on April 22, 2003, the second communication from the BSEA since the Parent's original response of March 4th, that Medford chose to raise its disagreements via a letter.

Medford's allegation that issues of non-compliance should have been brought under Rule 14 is correct. Medford however, has known since September 2002 what the issues in this matter are and even participated in a Pre-Hearing Conference on November 26, 2003. Yet, to date, Medford has filed no motion alleging that the issues before me are strictly

non-compliance issues regarding a previous BSEA Decision, nor has it sought an administrative transfer of the case to the previous hearing officer.

Lastly, the Hearing scheduled for June 2003 will address exclusively the issues originally raised in September of 2002. At that time, both parties will be offered an opportunity to present their positions and argue the merits of the case.

So Ordered by the Hearing Officer

_____
Rosa I. Figueroa
Dated: April 29, 2003