# GEARY & ASSOCIATES

Attorneys At Law
161 Summer Street
Kingston, MA 02364
Telephone: (781) 585-0008
Facsimile: (781) 585-0332

John J. Geary*
Daniel B. Walsh
Charles E. Hayes
-----------------------------------
Maureen K. Flaherty (of counsel)**

\* Also Admitted in Rhode Island and Connecticut

\*\* Also admitted in Rhode Island

August 21, 2003

**VIA CERTIFIED MAIL 7001 1940 0003 9769 4688**

Mayor Michael McGlynn
City of Medford
85 George P. Hassett Drive
Medford, MA  02155

      RE:    Presentment of Claim Pursuant to M.G.L. Chapter 258, § 4
              Anthony F. v. School Committee of the City of Medford

Dear Mayor McGlynn:

     Please be advised that I have been retained by the parents of Anthony F. to represent them regarding certain claims against the Medford School District. This letter is being sent to you in your capacity as the Executive Officer of the Medford School Committee, pursuant to and in compliance with Massachusetts General Laws, Chapter 258 § 4, *et. seq*. It is the claim of my clients that the Medford School District failed to provide statutory services to Anthony F., used unreasonable delay in the development of his Education Plan and forced the parents to incur significant legal expense to rectify that situation. As a result of this unwarranted activity on behalf of the School District, we will be seeking relief under 20 USC 1415(i)(3)(B).

     Anthony is currently a student at Malden Catholic High School, but being a student deemed to need Special Education Services and residing in Medford, Anthony received SPED services from the Medford Public School District. Anthony's current SPED services resulted from a protracted and expensive legal battle Anthony's parents have had with the School District over the past two and one half years. Throughout this ordeal, the parents have been involved in two appeals before the Bureau of Special Education Appeals ("BSEA"). The parents requested a dismissal of the second action after having attained a satisfactory arrangement for the delivery of Special Education Services.

     I note that this has been an expensive undertaking for the School District as well, having spent over $30,000.00 in legal fees to fight the parent's effort to establish a reasonable plan which the parents ultimately achieved.

Mayor Michael McGlynn
August 21, 2003
Page 2

With over 5,000 students in the Medford Public School District, you, as Chairman of the School Committee, may not be familiar with Anthony's plight. In Anthony's first IEP for the 2000-2001 school year, Medford and the Parents agreed that Anthony was in need of SPED services for reading & speech and language skills. At the time, Anthony was attending Saint Clement's in Somerville, MA. For that school year, Medford provided the services at the Roberts Middle School. Anthony's parents arranged transportation for Anthony to and from Roberts in order for Anthony to receive the services.

For the 2001-2002 school year, Medford once again proposed delivering services in reading and speech & language services, but this time at Medford High School. Additionally, Medford changed the reading services from being specifically stated as individual sessions for Anthony to small group sessions with other students. This proposal was unacceptable to the parents for a number of reasons. First, Medford did not provide any written justification for a reduction in services from individual reading instructions to small group sessions. Second, Malden Catholic High School utilizes a rotating schedule for the school day, meaning that the parents could not designate a fixed time for Anthony to attend SPED classes. Third, if Anthony received services at Medford High School, he would lose time out of his normal school day due to travel time between Malden Catholic High School and Medford High School. Accordingly, Anthony's parents rejected the IEP for the 2001-2002 school year, resulting in the first of the two BSEA cases, Case #02-1855.

Even though Anthony undisputedly needed SPED reading services, he received none for the 2001-2002 school year. After months of legal wrangling, a BSEA Hearing was finally held in this matter on three dates from May 31, 2002 through June 28, 2002. During these Hearings, the parents contested three main aspects of the IEP. First, the parents argued that Anthony was entitled to individual reading sessions. The city, without any written justification for the change nor any evaluations to support their position, argued that Anthony would be best served by small group reading sessions. Second, the parents argued that reading services at Medford High were not appropriate, in that transportation would detract from Anthony's regular school day. The Parents sought to have the services delivered at Malden Catholic High School. Third, the parents argued that Anthony was entitled to compensatory reading services to make up for the sessions they lost during the 2001-2002 school year.

Unfortunately, for Anthony, the BSEA did not issue a decision in that case until November 2002. In the meantime, the parties obviously had to plan for Anthony's services during the 2002-2003 school year. Medford prepared an IEP with essentially the same services as the one that the parents had previously rejected. Accordingly, Anthony's mother rejected the 2002-2003 IEP and requested a Hearing from the BSEA (Case #03-1017).

In early October 2002, the School District agreed to an arrangement whereby Anthony's parents would pay Dr. Joseph Aurelia privately for his services, with subsequent reimbursement to be made by the School District. It was agreed there would be no restrictions on the location

Mayor Michael McGlynn
August 21, 2003
Page 3

where Dr. Aurelia provided his services, meaning that he was free to provide the services at Malden Catholic High School.

When the BSEA Hearing Officer issued her decision on November 15, 2002 for Case #02-1855, she ordered the School District to provide Anthony with compensatory services for much of the time he did not receive services during the 2001-2002 school year. The Hearing Officer's decision did not address the issue of providing services in a parochial school, nor did it address the issue of whether Anthony should receive individual or small group reading instructions.

In December 2002, Anthony's parents and the School District agreed that a reading instructor employed by the City of Malden would be employed privately by Anthony's parents, in an arrangement similar to the one with Dr. Aurelia. Specifically, Anthony's parents would pay the instructor directly to receive compensation later from the City of Medford.

As the second BSEA case progressed, the Hearing Officer ordered the School District to reconvene Anthony's TEAM to quantify the number of compensatory sessions to which Anthony was entitled. The Hearing Officer also ordered the School District to prepare an IEP that accurately described the services being delivered. On May 29, 2003, Medford convened a TEAM meeting which resulted in a written agreement, whereby Anthony would receive SPED services privately with the parents being reimbursed for the payment of those services. Also, the IEP for the 2002-2003 school year stipulated that Anthony was entitled to seventy-one sessions of reading services as compensatory services.

While the parents are pleased the Anthony finally has an acceptable IEP in place, they are extremely upset that they had to pay thousands of dollars in legal fees to get to this point. As taxpayers, they are further dismayed by the fact that the City spent over $30,000.00 in legal fees, just to fight them in their effort to get an acceptable IEP for their son. With the BSEA legal proceedings now hopefully behind us, the parents will seek payment of their legal fees by the School District, pursuant to 20 USC 1415(i)(3)(B). Under this federal statute, the parents as prevailing parties in a SPED case, are entitled to an award of reasonable Attorney's fees from the School District.

In this matter, the parents prevailed on all major three aspects of their challenge to Medford's IEP. Anthony receives reading services and speech & language services at Malden Catholic High School. Anthony is entitled to receive the compensatory services; and he receives individual session in reading instruction. The School District forced Anthony's parents to resort to legal action to get the school administrators to agree to develop a reasonable IEP tailored to Anthony's individual needs. The parents tried to work with the School District to no avail. Anthony's parents could not sit idly by while the School District avoided its responsibility to provide Anthony with SPED services.

Mayor Michael McGlynn
August 21, 2003
Page 4

    Only through the BSEA legal proceedings did the parents achieve the agreed upon arrangements with the School District. Accordingly, because the parents prevailed on all material aspects of their claim, with their success a direct result of the litigation they initiated at the BSEA, I am confident they will receive an award of reasonable Attorney's fees from an action filed in United States District Court.

    The parents, quite frankly, are tired of litigation only to achieve relief the parents perceive as reasonable in the first place. Had the School District proven to be receptive to the parents' proposals for services made very early on in this process, both the School District and the parents would have avoided this tremendous expenditure in legal fees. As of today, these legal expenses total $33,000.00.

    Should the city be unwilling to make payment of the parents' out-of-pocket expenses, this letter will serve as presentment of the parents' claim of entitlement to reasonable attorney's fees pursuant to 20 USC 1415(i)(3)(B). I look forward hearing from you or the School District's legal counsel. Kindly respond to this letter within the time frames allowed pursuant to Massachusetts General Laws, Chapter 258, § 4, *et. seq.*

Very truly yours,

/s/

Daniel B. Walsh

DBW/bjw
cc: Mr. and Mrs. F.