UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10610 RWZ

ANTHONY F., )
BY AND THROUGH HIS NEXT FRIENDS, )
EDWARD F., AND LISA F., )
    PLAINTIFFS )
 )
 )
v. )
 )
SCHOOL COMMITTEE OF THE CITY OF MEDFORD, )
    DEFENDANT )
 )

## AFFIDAVIT OF LISA FALANGA IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

I, Lisa Falanga, under oath do depose and state as follows:

1. I am the mother of the plaintiff in this action, Anthony F.

2. I have actively participated in the development of the Individual Education Plans for my son. I had tried to advocate for my son without legal representation, but without success.

3. I found that the school department acted in an obstructionist and uncooperative manner throughout the development of special education plans for my son.

4. For example, on or around February 16, 2000, I sent a letter to a Medford School Administrator requesting a complete copy of the achievement test they administered for my son in September 1999.

5. On March 6, 2000, I received a letter from Gail Bernstein, Director Pupil Services for the Medford Public Schools informing me that I could not receive a copy of the test documents.

6. I had made numerous telephone calls to that administrator and never received an adequate response.

7. Throughout the 2000-2001 school year, I received very little cooperation from the Medford School Department. Finally, in complete frustration, I contacted Attorney John

Geary to assist me in this matter.

8. Without the assistance of Attorney Geary and his associate Attorney Daniel Walsh, I would not have been able to advocate for my son's educational rights.

9. Attorney Walsh represented Anthony in two appeals before the Board of Special Education Appeals.

10. The first hearing occurred over the course of three days in 2002 and involved obtaining testimony from myself, my husband, and six other witnesses.

11. The decision in that matter was not issued until after the following school year had commenced. Accordingly, the IEP for that subsequent school year, 2000-2001, contained the same issues that I challenged in the first BSEA case.

12. Attorney Walsh assisted me with an appeal to the BSEA of the IEP for 2001-2002 school year.

13. The 2001-2002 school year was dragging on, but Anthony's IEP was still not complete.

14. In April 2003, BSEA Hearing Officer ordered Medford to reconvene Anthony's TEAM to make the IEP correctly state where and when Anthony's services would be provided.

15. Up until that point, Medford refused to include that information in the IEP.

16. Eventually, we prevailed and obtained all of the relief we had sought from the Medford School Department.

17. Specifically, Anthony received (and continues to receive) individualized special education services in reading and speech & language skills. These services are delivered on a one-to-one basis at Malden Catholic High School by private instructors.

18. Medford reimburses me for the cost of the private instruction.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS THE 16th DAY OF NOVEMBER, 2004.

_____
Lisa Falanga