UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10610-RWZ

ANTHONY F.

v.

SCHOOL COMMITTEE OF THE CITY OF MEDFORD

MEMORANDUM OF DECISION

April 22, 2005

ZOBEL, D.J.

   Plaintiff Anthony F., a minor, resides with his parents in Medford, Massachusetts, and qualifies as a special education ("SPED") student under the federal Individuals with Disabilities Education Act ("IDEA"). Under IDEA, 20 U.S.C. § 1400 et seq., and Mass. Gen. Laws ch. 71B, defendant School Committee of the City of Medford (the "School Committee") is required to ensure that each SPED student has an Individualized Education Plan ("IEP") agreed upon by those familiar with the student's situation, including parents. If no accepted IEP exists, the School Committee must notify the Commonwealth of Massachusetts Bureau of Special Education Appeals (the "BSEA"). Parents may retain counsel to help shepherd the complaint through BSEA proceedings, and IDEA allows a court to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). IDEA does not, however, establish a statute of limitations for fees claims.

In the instant suit, plaintiff's parents rejected the proposed 2001-2002 school year IEP for failure to specify instruction times, preserve an individualized setting and provide the services in a location other than the public schools.  In filing a formal complaint about the IEP with the BSEA, plaintiff's parents hired counsel and also sought compensatory services from the School Committee for the time period during which plaintiff did not receive services.  When the same terms appeared in the 2002-2003 school year IEP, plaintiff's parents again rejected the IEP and filed a second complaint with the BSEA.  Around October of 2002, the parties reached agreement on the type and location of SPED services for the 2001-2002 IEP.  Compensatory services became part of the remedial plan upon an order by the Hearing Officer in November of 2002.  Plaintiff's second complaint regarding the 2002-2003 IEP remained pending until voluntarily dismissed in July of 2003, after the parties agreed to similar revisions.  Plaintiff filed the instant suit in 2004 to seek attorneys' fees under IDEA.  The School Committee now moves for dismissal of the claim for fees related to the 2001-2002 IEP and for summary judgment on the claim for fees related to the 2002-2003 IEP.  Plaintiff opposes these motions.

The School Committee challenges plaintiff's claim for fees related to the first complaint and the 2001-2002 IEP as barred by the statute of limitations.  Because "there is no federal statute of limitations expressly applicable to this suit," the parties agree "that Congress intended that the courts apply the most closely analogous statute of limitations under state law." DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 159 (1983).  The parties differ, however, in their recommendations for

the appropriate Massachusetts statute.  Plaintiff argues that the law governing claims against state entities, which has a three-year statute of limitations upon presentment of the claim to an executive officer, provides the best analogy to the parents' right to seek attorneys' fees under IDEA.  See Mass. Gen. Laws ch. 258 § 4.  The School Committee, on the other hand, points to the law governing state administrative procedures as a better comparison.  See Mass. Gen. Laws ch. 30A § 4.  This law requires that judicial review of an agency decision be sought within thirty days of the final decision.  See id.

The First Circuit has not expressly ruled on the issue of limitations for attorneys' fees claims under IDEA, and this issue remains unresolved among the other Circuits.  Courts that find a compelling analogy between a claim for fees and an administrative appeal, as urged by the School Committee, opine that such a claim is "ancillary to the underlying education dispute" and thereby should be subject to the same administrative process as would be the dispute itself.  Powers v. Indiana Dept. of Ed., 61 F.3d 552, 556 (7th Cir. 1995).  This characterization treats such claims as simply "part and parcel of the administrative proceeding."  King v. Floyd County Bd. of Ed., 228 F.3d 622, 626 (6th Cir. 2000).  The School Committee further asserts that the thirty-day deadline "benefits parents and attorneys by promoting prompt payment" and "benefits defendants by providing them with certainty and finality."  Def. Mem. in Support of Mot. to Dismiss and/for Summ. Jdgmt., p 10.  The School Committee also sees a benefit in addressing the issue of fees "while the matter is still fresh in the minds of the participants."  Id.

Other jurisdictions favor the plaintiff's position. For example, the Eleventh Circuit reasoned, first, that the thirty-day statute of limitations for administrative appeals in most states "are too short to vindicate the underlying federal policies associated with the fee-claims provisions of the IDEA." Zipperer v. School Board of Seminole County, Florida, 111 F.3d 847, 851 (11th Cir. 1997). See also, Kaseman v. District of Columbia, 329 F. Supp. 20, 25 (D. D.C. 2004). Second, IDEA itself distinguishes between administrative appeals and attorneys' fees claims in providing "for an independent claim for attorneys' fees." Id. See also, J.B. v. Essex-Caledonia Supervisory Union, 943 F. Supp. 387, 390 (D. VT. 1996). Third, "the resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of limitations." Zipperer, 111 F.3d at 851. Lastly, a longer statute of limitations "is likely to encourage the involvement of parents, as represented by attorneys, in securing appropriate educations for their children." Id. at 852.

The First Circuit has identified "three IDEA policy goals" to be met in resolving a dispute about attorneys' fees: "the parental interest in participation, the school's interest in speedy resolution of disputes, and the child's interest in receiving education entitlement." Nieves-Marquez v. Comm. of Puerto Rico, 353 F.3d 108, 119 (1st Cir. 2003). While not having ruled definitively on the issue, the First Circuit questioned the relevance of a thirty-day statute of limitations in observing that plaintiffs seeking attorneys' fees "are not in the same position as those merely seeking judicial review of adverse administrative orders." Id. The First Circuit also noted that a one-year statute

4

of limitations "raises its own concerns" with "prompt resolution of the situation. . . " but did not consider that attorneys who represent IDEA plaintiffs will, of their own initiative, seek speedy determination of fees claims, regardless of the limitations period.  Id.  A time period of one year, or longer, would therefore not necessarily compromise timely resolution.  With respect to the interests of parental participation and appropriate education, a longer limitations period will eliminate a potential barrier to reimbursement and thus will encourage and better enable parents to retain competent counsel.  Moreover, in circumstances such as those at hand, attorneys will not risk losing the opportunity for compensation if the claim for fees is delayed until multiple substantively-related, pending claims are resolved.  Otherwise, the attorney must divide attention and energy between the child's substantive educational claims and her own need to obtain payment for services rendered.  The three-year statute of limitations proposed by plaintiff is more suitable for attorneys' fees claims, and accordingly, the School Committee's motion to dismiss plaintiff's claim for fees related to the first complaint and the 2001-2002 IEP is denied.

     The School Committee's motion for summary judgment on plaintiff's claim for fees related to the second complaint and the 2002-2003 is, on the other hand, allowed.  This claim relies upon the characterization of plaintiff as a "prevailing party" in the second complaint.  As cited by the School Committee and not addressed by plaintiff, the First Circuit has recently and plainly ruled that "IDEA plaintiffs who achieve their desired result via private settlement may not, in the absence of judicial imprimatur, be considered 'prevailing parties.'" Doe v. Boston Public Schools, 358 F.3d 20, 30 (1st Cir.

2004). Plaintiff argues that the court order achieved in the first complaint led to the agreement reached in, and plaintiff's voluntary dismissal of, the second complaint. Although the decisive outcome of the first complaint may have influenced the modifications agreed to in the second complaint, plaintiff cites no law, and none has otherwise been found, that characterizes such cross pollination as equivalent to "judicial imprimatur."

   Accordingly, defendant's motion to dismiss as to plaintiff's claim for fees related to the 2001-2002 IEP is denied, while defendant's motion for summary judgment as to plaintiff's claim for fees related to the 2002-2003 IEP is allowed (both motions are contained in #7 on the docket).


_____          /s/ Rya W. Zobel
        DATE                          RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE