UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY F., by and through his next friends, EDWARD F. and LISA F., LINDA S. AND DEANE S.,<br><br>           Plaintiffs,<br>v.<br><br>SCHOOL COMMITTEE of the CITY of MEDFORD,<br>           Defendant. | C.A. No. 04-10610-RWZ |

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND ORDER
TO ALLOW APPLICATION FOR IMMEDIATE APPEAL**

The School Committee of the City of Medford ("Medford"), moves the Court to amend that portion of the Memorandum of Decision dated April 22, 2005, which denies Medford's motion to dismiss the plaintiff's claim for fees related to the 2001-2002 IEP to state that the decision involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. The question of the appropriate statute of limitations to apply to an action to recover attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) has not yet been decided by the First Circuit. It is an issue of critical importance to school committees who face budgetary constraints and to the plaintiffs who seek to recover their fees.

Where a federal statute fails to provide the applicable statue of limitations, courts must borrow the statute of limitations of an analogous state action. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). This borrowed limitations period must also be consistent with the policies

of the federal statute to which it is being applied. *See* Id.  This Court decided that a three-year statute of limitations is the appropriate one to apply in this case.  There is substantial ground for difference of opinion since the Massachusetts Tort Claims Act, M.G.L. c.258, is premised upon the existence of an underlying tort while the limitations period applicable to review of an administrative decision, M.G.L. c.30A, §14 is premised upon an underlying administrative proceeding.  Although there is no underlying tort, an IDEA fee action is ". . . a claim ancillary to the underlying education dispute" (Powers v. Indiana Dept. of Ed., 61 F.3d 552, 556 (7th Cir. 1995)), and nothing more than ". . . another phase of the administrative proceeding." King v. Floyd County Bd. of Ed., 228 F.3d 622 (6th Cir. 2000).  "[P]revailing in a suit for attorneys' fees in federal court is contingent upon and inextricably bound to prevailing on the underlying administrative action."  Reed v. Mokena Sch. Dist. No. 159, Will County, Illinois, 1994 U.S. Dist. LEXIS 5602, 10 (N. D. Ill. 1994).

   Decisions of other Circuit Courts of Appeals also demonstrate that there are substantial grounds for a difference of opinion on the issue.  Although not decided by the First Circuit, other Circuits which have addressed the issue disagree both as to what is an analogous action and as to what is consistent with the policies of the IDEA.  King v. Floyd County Bd. of Ed., 228 F.3d 622 (6th Cir. 2000) *(borrowing 30 day period for appealing administrative orders)*; Powers v. Indiana Dept. of Ed., 61 F.3d 552 (7th Cir. 1995) *(borrowing 120 day limit for judicial review of an administrative decision under Illinois School Code)*; Reed v. Mokena Sch. Dist. No. 159, Will County, Illinois, 41 F.3d 1153 (7th Cir. 1994) *(borrowing 120 day limit for judicial review of an administrative decision under Illinois School Code)*; Dell v. Bd. of Ed., 32 F.3d 1053 (7th Cir.

1994) *(borrowing 120 day limit for judicial review of an administrative decision under Illinois School Code); with* Zipperer v. Sch. Bd. of Seminole County, Florida, 111 F.3d 847 (11th Cir. 1997) *(borrowing 4 year limitation on Florida claims based on a statutory liability)*.

Where a federal statute fails to provide the applicable statue of limitations, courts must borrow the statute of limitations of an analogous state action. *See* Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). This borrowed limitations period must also be consistent with the policies of the federal statute to which it is being applied. *See* Id. The First Circuit has already decided that the thirty-day statute of limitations for appellate review of administrative decisions applies to judicial review of administrative decisions pursuant to the IDEA, 20 U.S.C. § 1415(e)(2), now §1415(i)(2)(A). Amann v. Town of Stow, 991 F.2d 929, 931-32 (1st Cir. 1993). In doing so, the Court rejected the argument that a short statute of limitations is inconsistent with the IDEA's goals and policies. Gertel v. Sch. Comm. of Brookline Sch. Dist., 783 F. Supp. 701, 703 (D. Mass. 1992), also concluded that the most closely analogous limitations period was M.G.L. c.30A's thirty-day limitations period, and that such a window was consistent with the IDEA's purpose. Id. at 705.

A claim to recover attorneys' fees is but a claim to recover the costs of pursuing the administrative action. If a thirty-day window is consistent with the IDEA's purpose when the very substantive relief at the core of the IDEA's purpose is at issue, it is surely consistent with ancillary proceedings to recover the plaintiff's attorneys' fees.

It is clear that Medford intends to appeal from any award of attorneys' fees in this action as evidenced by the Notice of Appeal filed May 20, 2005. If Medford prevails on appeal, there

may be no need to assess attorneys' fees at all. Consequently, proceeding to appeal as quickly as possible will advance the termination of the litigation and the interests of judicial economy.

DATED at Quincy, Massachusetts this 31st day of May, 2005.

SCHOOL COMMITTEE of the CITY OF MEDFORD,
By its attorneys,

_/s/ Regina Williams Tate_
Regina Williams Tate
BBO # 492780
Doris R. MacKenzie Ehrens
BBO #544252
Mary L. Gallant
BBO # 554721
MURPHY, HESSE, TOOMEY & LEHANE, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126
(617) 479-5000

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have on this 31st day of May, 2005, caused a copy of the foregoing to be served upon counsel for the plaintiffs, John L. Geary, Geary & Associates, at 161 Summer Street, Kingston, MA 02364, via first class mail, postage prepaid.

_/s/ Doris R. MacKenzie Ehrens_
Doris R. MacKenzie Ehrens