UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10610 RWZ

| | |
|---|---|
| ANTHONY F., BY AND THROUGH HIS NEXT FRIENDS, EDWARD F., AND LISA F., PLAINTIFFS | )<br>)<br>)<br>) |
| v. | )<br>) |
| SCHOOL COMMITTEE OF THE CITY OF MEDFORD, DEFENDANT | )<br>) |

### MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S RENEWED MOTION TO AMEND ORDER TO ALLOW APPLICATION FOR IMMEDIATE APPEAL

The Plaintiff, Anthony F., by and through his next friends, Edward F. and Lisa F., hereby moves this Honorable Court not to amend that portion of its Memorandum of Decision dated April 22, 2005 to further state that the decision involves a controlling question of law as to which there is substantial group for difference of opinion so that Medford can apply to the Court of Appeals for immediate appeal.

28 U.S.C. § 1291 governs jurisdiction in the Court of appeals and states "[t]he courts of appeals....shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States....except where a direct review may be had by the Supreme Court" (emphasis supplied). Federal Rules of Civil Procedure, Rule 56, which governs summary judgment, expressly states in subsection (c) that summary judgment is "interlocutory in character". "A final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'". *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989),

quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988), quoting *Catlin v. United States* 324 U.S. 229, 233 (1945). In this case, the summary judgment was not the subject of separate and final judgment and does not have the effect of a final judgment subject to review.

Accordingly, to appeal the decision, the defendant argues that this case falls within one of the exceptions prescribed by statute. The defendant urges this court to certify its opinion as one involving a controlling question of law requiring immediate review pursuant to 28 U.S.C. §1292(b). Exceptions to the final judgment rule are narrowly interpreted because there is a "general congressional policy against piecemeal review" and Congress has intended, by enacting a statute providing for such exception to "carve out only a limited exception to the final judgment rule". *Anderson v. City of Boston*, 244 F.3d 236, 238 (1st Cir., 2001), quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981).

Pursuant to 28 U.S.C. § 1292(b), "when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." Therefore, the Plaintiff requests that this Honorable Court deny Plaintiff's Renewed Motion to Amend Order to Allow Application for Immediate Appeal.

Respectfully Submitted,
Anthony F., By and through
His Next Friend, Lisa F. and Edward F.,
By their Attorney,

_____
John J. Geary
B.B.O. No. 553879
Geary & Associates
161 Summer Street
Kingston, MA 02364
Tel. No.: (781) 585-0008
Dated: September 30, 2005

## CERTIFICATE OF SERVICE

I, John J. Geary, attorney for the plaintiff, Anthony F., hereby certify that on September 30, 2005, I mailed via first class mail, postage prepaid, a copy of the within *MOTION IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO AMEND ORDER TO ALLOW APPLICATION FOR IMMEDIATE APPEAL AND SUPPORTING MEMORANDUM OF LAW* to the following:

Attorney Doris R. MacKenzie Ehrens
Attorney Regina Williams Tate
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126

_____
John J. Geary